In the Matter of the Estate of JOHN C. THOMSON, Deceased.

Surrogate's Court, New York County, August 28, 1929.

*White & Case* [*Lyndon Arnold* of counsel], for Bankers' Trust Company.

*Thomson, Wood & Hoffman,* for estate of John C. Thomson, deceased.

*William C. Orr,* for Fifth Avenue Bank of New York.

*Patterson, Eagle, Greenough & Day* [*Carroll G. Walter* of counsel], for United States Mortgage and Trust Company.

*Clarence H. Fay,* special guardian.

O'BRIEN, S. In this intermediate accounting by the trustees a question has been raised upon facts not disputed which goes to the validity of the investment of trust funds made by the trustees. In 1927 the Bankers' Trust Company, one of the trustees, purchased by assignment from the Title Guarantee and Trust Company a mortgage for $310,000 made by the Lizrose Realty Corporation covering premises known as 1013–1023 Avenue J, Brooklyn, N. Y., the payment of which mortgage was *guaranteed as to principal and interest by the Bond and Mortgage Guarantee Company.* In December, 1927, the Bankers' Trust Company executed and issued a participation certificate, assigning from itself in its corporate capacity to itself and the other trustees under the will of decedent herein a share in said mortgage to the extent of $2,500. This certificate of participation, duly executed by an officer of the Bankers' Trust Company,

was placed with the estate securities in a separate envelope allotted to the estate in the vaults of the trust company. A copy of said certificate was placed with the original mortgage located in the vaults of the Bankers' Trust Company at 501 Fifth avenue, and a second copy filed with the papers pertaining to said mortgage with the mortgage and real estate department of said company at the Fifth avenue office. Proper records kept at the Wall street office in the estate account showed the ownership of the certificate by the estate and the records kept in the mortgage and real estate department of the Bankers' Trust Company at the Fifth avenue office under the mortgage showed the interest which the Thomson estate, together with the other participants, had in the mortgage. In this accounting proceeding the special guardian objects to this particular investment and contends that the assignment by the Bankers' Trust Company of *part of the mortgage which it owned to itself, one of the surviving trustees,* is prohibited by section 111 of the Decedent Estate Law (as amd. by Laws of 1928, chap. 362) and section 21 of the Personal Property Law (as amd. by Laws of 1928, chap. 362). The former reads in part as follows:

" § 111. Investment of trust funds. An executor, administrator, trustee or other person holding trust funds for investment may invest the same in the same kind of securities as those in which savings banks of this state are by law authorized to invest the money deposited therein, and the income derived therefrom, and in the shares of a savings and loan association having an accumulated capital of one hundred thousand dollars or more, organized under the laws of this state, provided, however, that no such investment of the funds of any one estate or trust in any one association shall exceed ten thousand dollars, *and in bonds and mortgages on unincumbered real property in this state worth fifty per centum more than the amount loaned thereon, and in shares or parts of such bonds and mortgages, provided that any share or part of such bond and mortgage so held shall not be subordinate to any other shares thereof and shall not be subject to any prior interest therein, and provided further that bonds and mortgages in parts of which any fiduciary may invest trust funds together with any guaranties of payment, insurance policies and other instruments and evidences of title relating thereto shall be held for the benefit of such fiduciary and of any other persons interested in such bonds or mortgages by a trust company, a bank authorized to conduct a trust department or title guaranty corporation organized under the laws of this state, or a national bank located in this state and duly authorized to act as a trustee therein, and that a certificate setting forth that such corporation holds such instruments for the benefit of such fiduciary and of any*

*other persons who may be interested in such bond and mortgage among whom the corporation holding such instruments may be inc uded, be executed by such corporation and delivered to each person who becomes interested in such bond and mortgage.* Every corporation issuing any such certificate shall keep a record in proper books of account of all certificates issued pursuant to the foregoing provisions. * * * But no trustee shall purchase securities hereunder from himself."

The latter statute reads as follows:

" § 21. Investment of trust funds. A trustee or other person holding trust funds for investment may invest the same in the same kind of securities as those in which savings banks of this state are by law authorized to invest the money deposited therein, and the income derived therefrom, and in the shares of a savings and loan association having an accumulated capital of one hundred thousand dollars or more, organized under the laws of this state, provided, however, that no such investment of the funds of any one estate or trust in any one association shall exceed ten thousand dollars and in bonds and mortgages on unincumbered real property in this state worth fifty per centum more than the amount loaned thereon. * * * *But no trustee shall purchase securities hereunder from himself.*"

The special guardian also relies upon section 231 of the Surrogate's Court Act (derived from Code Civ. Proc. § 2664-a, as added by Laws of 1916, chap. 588), which reads as follows:

" § 231. Funds of estates to be kept separate. Every executor, administrator, guardian or testamentary trustee shall keep the funds and property received from the estate of any deceased person separate and distinct from his own personal fund and property. He shall not invest the same or deposit the same with any person, association or corporation doing business under the banking law or other person or institution, in his own name, but all transactions had and done by him shall be in his name as such executor, administrator, guardian or testamentary trustee.

" Any person violating any of the provisions of this section shall be guilty of a misdemeanor."

Had the special guardian's objection been made prior to 1917, it might have been well taken, for under the statutes as they then stood an investment such as this would have been open to attack. The Court of Appeals in December, 1916, in *Matter of Union Trust Company* (219 N. Y. 514), held:

" It has been quite universally held that a trustee should not invest trust funds in his own name. Such rule of law should not be abandoned, qualified or in any way impaired. If an individual trustee should continuously and intentionally invest trust funds in

his individual name, his conduct in so doing would meet with condemnation by the courts. There is no difference between a corporate trus ee and an individual trustee in its or his duty in respect to investments. Trust funds should not only be kept independent of individual and other trust funds, but the investments thereof should, so far as possible, be clearly defined, and at all times stamped with the individual trust to which they severally belong. * * *

" The effect of investing trust securities in the name of a trust company and in its own right is the same as if the trust company took the trust fund as a deposit, leaving its investment and the account relating thereto wholly to its bookkeeping and the form adopted by it for keeping its accounts. Such holding of a trust fund does not outwardly distinguish the funds held by it as trustee from the funds of individual depositors with the trust company. Such manner of investing a trust fund violates the long established rule that a trustee should invest trust funds in the name of the trustee as such, and also the rule that trust funds should at all times be kept, so far as reasonably possible, in the name of the trust, so that they can be identified, distinguished and followed by all persons interested therein."

But in 1917, by Laws of 1917, chapter 385, subdivision 7 of section 188 of the Banking Law was enacted. It reads as follows:

" 7. Investments. * * * Investments in bond and mortgage by any such corporation as executor, administrator, guardian, personal or testamentary trustee, receiver, committee or depositary may be made by apportioning to any estate or fund held by such corporation in any of such capacities a part interest in a bond and mortgage *held by or in the name of such corporation, individually or in any representative capacity*, and any such part interest *may be repurchased* at its face value by such corporation individually or in any representative capacity; but such bond and mortgage shall be a legal investment for trustees under the laws of this state and the records of such corporation shall at all times show every interest in the said bond and mortgage and any part interest in such bond and mortgage so apportioned shall at all times be and remain at least equal in lien to any other interest therein and such corporation shall promptly notify each person of full age and sound mind entitled to the income therefrom of the fact that such investment has been made. Any moneys of any such estate or fund awaiting investment or distribution may be held on deposit by such corporation in its own name, subject to the provisions of subdivision eleven of this section; provided that appropriate entries showing the share or interest of each such estate or fund in the moneys so

held on deposit shall, at all times, appear upon the records of such corporation."

Now (1) there is no objection raised that the original mortgage was not a legal investment for trust funds; nor (2) has the compliance of the trust company with all the requisite duties under said section 188 been questioned. Moreover (3) the payment of principal and interest has been guaranteed by the Bond and Mortgage Guarantee Company. Again, the certificate furnished to the trust company as trustee by the trust company individually is in part as follows:

" COPY

" BANKERS TRUST COMPANY

" Mortgage Participation Certificate

" Certificate No. 29        Serial No. 2        $2,500

" Bankers Trust Company, hereinafter called the Company, has received from Bankers Trust Company, James M. Thomson and Graham C. Thomson as Trustees under the Last Will and Testament of John C. Thomson for the benefit of Josephine N. Thomson the sum of $2,500 for the purchase of and hereby assigns to the purchaser an undivided share equal to that amount, with interest thereon at the rate of 5 1/2% in the bond of Lizrose Realty Corporation for $310,000 due October 1st, 1932, and in the first mortgage securing the same covering N /W corner Coney Island Avenue and Avenue J, Brooklyn, New York.

" Interest days May and November 1st.

" This bond and mortgage, together with any guaranties of payment, insurance policies and other instruments, and evidences of title relating to said bond and mortgage, are held by the Company for the benefit of the holders of this and similar certificates issued against said mortgage, their successors or assigns, upon the following terms and conditions which are agreed to by the holder of this certificate.

" 1. The aggregate of the principal amounts of said certificates shall never be more than the principal remaining unpaid on said bond and mortgage.

" 2. The Company holds and shall continue to hold said bond and mortgage and all other instruments and evidences of title relating thereto, all of which shall be *marked with the serial designation noted on this certificate, for the benefit of the purchaser and of any other persons interested therein.*

" 3. The Company, on the receipt of the interest and principal of said bond and mortgage, shall distribute the same among the persons entitled thereto.

" 4. The Company shall have full power to take any action it may deem necessary or desirable in order to enforce any of the provisions of said bond and mortgage and to protect the mortgage security.

" 5. The Company may for its own corporate account be the holder of similar shares in said bond and mortgage.

" 6. The Company may take up and cancel this certificate at any time on the payment of the amount of the principal and interest due hereon."

There is little or no force in the argument that re-enactments of section 111 of the Decedent Estate Law and section 21 of the Personal Property Law made subsequently to 1917, the year in which section 188 of the Banking Law was enacted, had the effect of repealing the latter laws. Section 188 is too definite and specific a statute to permit of a repeal by the re-enactment of general laws bearing upon the same subject. There was no express repeal and it is futile to argue that there was an implied repeal. In *Grimmer* v. *Tenement House Department* (204 N. Y. 370, at p. 378) it was held: " It is familiar law that even under ordinary circumstances repeals by implication are not favored and will not be declared on the grounds of inconsistency or repugnancy unless the same is plain and unavoidable." (See, also, *People ex rel. Sexton* v. *Warden, etc.*, 216 App. Div. 223; *Welch* v. *City of Niagara Falls*, 210 id. 170.) The objection raised by the special guardian is overruled. Proceed accordingly.