PEOPLE ex rel. GOLDSTEIN v. CLANCY, Warden.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

1. HABEAS CORPUS (§ 4*)—SCOPE OF WRIT—REVIEW.

Where relator was indicted for grand larceny in the second degree as a second offense, and pending trial the judgment of conviction on the first offense was reversed, and the court proceeded to try accused for grand larceny in the second degree as a first offense under the indictment, the court having jurisdiction of the indictment, error, if any, in its determination that the evidence was sufficient to sustain a conviction, was reviewable only by appeal, and could not be considered on habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 4; Dec. Dig. § 4.*]

2. CRIMINAL LAW (§ 1202*)—OFFENSES—PUNISHMENT—SECOND OR SUBSEQUENT OFFENSE.

Penal Law (Consol. Laws, c. 40) § 1941, providing for punishment on conviction of a second offense, does not create a new offense, but merely augments the punishment of the second offender; and hence, where accused was indicted for grand larceny in the second degree as a second offense, and before trial the judgment on the first offense was reversed, he was still subject to prosecution and trial under the indictment as for a first offense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3260–3265; Dec. Dig. § 1202.*]

Appeal from Westchester County Court.

Habeas corpus by the People, on relation of Julius Goldstein, against James M. Clancy, as Warden, etc. From an order denying the writ, relator appeals. Affirmed, and writ dismissed.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

K. Henry Rosenberg, of New York City, for appellant.

George Z. Medalie, of New York City (Charles S. Whitman, Dist. Atty., of New York City, on the brief), for respondent.

THOMAS, J. The relator appeals from an order dismissing a writ of habeas corpus. He was imprisoned upon a judgment of conviction, entered in the Court of General Sessions of the Peace of the County of New York. The indictment charged grand larceny in the second degree as a second offense, but thereafter, and pending trial, the judgment of conviction on the first offense was reversed. After the jury was selected, but before it was sworn, the district attorney discovered the reversal of the earlier conviction, and stated that he would abandon the charge of second offense and try the defendant as for a first offense, and asked the defendant's counsel whether he had any objection to the statement already made to the jury that the defendant was a second offender. Although defendant's attorney duly objected to trial on the indictment for a first offense, I do not gather that he objected to the statement made to the jury. So the mere question, aside from the propriety of the writ, is whether the court was without jurisdiction to try the defendant for a first offense upon an indictment charging a second offense.

---

[1] I think that the question cannot be raised by the present proceeding. The court had jurisdiction of the indictment before it, and if sufficient was not proven to sustain it, the review is by appeal. Assume that nothing had been said by the district attorney of his ability to prove the first offense, and no proof of the first offense had been made, and the jury had found the defendant guilty of the first offense, the remedy would be by appeal from the judgment. It does not change the situation that the district attorney stated that he could not make the proof, and the jury found the same verdict. The jury found the defendant guilty of an offense charged, and if it could not legally do that without finding the first offense, the court was not thereby ousted of jurisdiction, but pronounced judgment upon an insufficient finding by reason of insufficient evidence. But the judgment stands until reversed, and habeas corpus does not lie. Code of Civil Procedure, § 2032.

[2] The appellant urges that the court was not a competent tribunal. It was competent to entertain jurisdiction, to find, and to decide—even if it decided erroneously. That does not warrant the writ of habeas corpus. But I think that the trial on the indictment was proper. The statute provides for punishment upon conviction of a second offense. Penal Law, § 1941. It does not create a new offense, but augments the punishment of the second offender. There is not a combination of the two offenses, nor is the first offense in any sense retried, or further punishment therefor imposed. The defendant is tried to discover whether he has committed another crime, and for the purpose of sentence the question whether he has been earlier convicted is ascertained. If the jury does not find that he has been theretofore convicted, he may be found guilty of the offense for which he is tried, and punished accordingly. As he is tried for the last offense, and for that alone, the verdict may relate to that alone, and in any case may involve the earlier offense, for the purpose only of informing the court of the punishment, or the minimum punishment, demanded by the statute. The relator's contention would require acquittal if the first offense were not found—a misconception, I think, of the purpose of the statute.

The order of the County Court of Westchester county should be affirmed, and the writ dismissed.

RICH, J., concurs. BURR, CARR, and STAPLETON, JJ., concur upon the first ground stated in the opinion.