(164 App. Div. 161)

SUSS v. FARLEY, State Excise Com'r.    (No. 703 E.)

(Supreme Court, Appellate Division, Second Department. November 6, 1914.)

INTOXICATING LIQUORS (§ 106*) — LICENSE — FORFEITURE — CONVICTION OF CLERK.

    Under Liquor Tax Law (Consol. Laws, c. 34) § 36, subd. 3, providing that, if there be two convictions of clerks of a holder of a liquor tax certificate for a violation of the liquor laws, the certificate shall be forfeited, the certificate may be forfeited for two convictions of a clerk for unlawful sales on the same Sunday; it not being necessary that the second conviction be for an offense committed after the first conviction.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. § 106.*]

Appeal from Special Term, Kings County.

Action by Hyman Suss against William W. Farley, as State Excise Commissioner. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and STAPLETON, JJ.

Charles R. O'Connor, of Hobart (Louis M. King, of Albany, on the brief), for appellant.

Ralph K. Jacobs, of Brooklyn, for respondent.

THOMAS, J. The plaintiff's servant was convicted of selling his master's liquor on Sunday, and before he was arraigned therefor in the Magistrate's Court he repeated the offense, and such proceedings were had that on March 27th thereafter he was separately tried for each offense and convicted thereof in the Court of 'Special Sessions. The plaintiff asserts that the two convictions on the same day do not operate to forfeit the liquor tax certificate, pursuant to Liquor Tax Law, § 36, subd. 3. Moreover, his contention is that the second conviction, to be operative upon the certificate, must be for an offense committed subsequent to the first conviction.

It is urged that the purpose of the statute is to give the master warning that his servant has disobeyed the law and thereby put upon him the risk of his retention. It would be immaterial for such purpose whether the convictions were had on the same day or on different days, provided the offenses were committed before the first conviction. But

it cannot be that the state intended that the owner could, without hazard to his certificate, sell through his agents, perchance continuously, on Sundays, until one conviction should be had, and that a second conviction that should disable him from doing business must be for an offense committed subsequent to the first conviction. That would be adding words and thoughts to the statute that are not to be found within its letter and spirit. Servants act for the master's gain, and presumptively with his sanction, when they disobey a statute that may entail punishment by fine or imprisonment or both. But, in view of possible cases of a servant inviting punishment by selling contrary to law and his master's command, it is provided that the offenses must be shown by two convictions. The offenses before the first conviction are not aggregated and embodied in it, but each offense earns conviction and punishment. That is quite unlike actions for penalties where for more than one offense there is but one penalty recoverable. The construction sought by plaintiff would give wide immunity to the owner of a certificate, inasmuch as all convictions of servants for offenses prior to the first conviction would be inefficient against the master, however many convictions might be had thereon.

The judgment should be reversed, with costs of the appeal, and the complaint dismissed, with costs. All concur.

PER CURIAM. Judgment reversed, with costs of the appeal, and complaint dismissed, with costs, on authority of Suss v. Farley, 149 N. Y. Supp. 661 decided herewith.