# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### December 30, 1916.

## THE PEOPLE v. JACOB BERGMAN.

### (176 App. Div. 318.)

INDICTMENT FOR BURGLARY, THIRD DEGREE, GRAND LARCENY AND CRIMINALLY RECEIVING STOLEN GOODS—CONVICTION ON FIRST TWO COUNTS—RIGHT OF DEFENDANT NOT A SECOND OFFENDER TO INDETERMINATE SENTENCE.

Where a defendant, not charged in the indictment as being a second offender, was tried on three counts — burglary in the first degree, grand larceny in the first degree, and criminally receiving stolen goods — and was found guilty under the first two counts and sentenced upon the first to an indeterminate term in the State prison, and upon the second to a term of seven years to commence at the expiration of the sentence upon the first count, said sentence should be set aside, the defendant being entitled to an indeterminate sentence under section 2189 of the Penal Law upon the conviction for grand larceny.

The theory of section 1941 of the Penal Law and like statutes that prescribe heavier punishment for the second offender is that he has not reformed since his first offense, but has persisted in breaking the law.

REARGUMENT of an appeal by the defendant, Jacob Bergman, from a judgment of the County Court of Kings County, entered in the office of the clerk of said county on the 3d day of April, 1916, convicting him of the crimes of burglary in the third degree and of grand larceny in the first degree, and also from an order entered in said clerk's office denying defendant's motion for a new trial and in arrest of judgment.

*Meyer D. Siegel* (*Meier Steinbrink* with him on the brief), for the appellant.

*Ralph E. Hemstreet, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

JENKS, P. J.:

After reargument of a point originally suggested by the court on argument, we are of opinion that the judgment is erroneous. The County Court tried the defendant upon an indictment that contained three counts — burglary in the third degree, grand larceny in the first degree and criminally receiving stolen goods. The defendant was found guilty under the first two counts, and was sentenced upon the first count to an indeterminate term in a State prison, and upon the second count to a term of seven years to commence at the expiry of the said sentence upon the first count. He was not charged in the indictment as being a second offender.

The verdict upon the two counts was simultaneous. The mere fact that the sentence with respect to the first count was pronounced in a breath before that relating to the second count did not make the defendant a second offender at the time of the sentence upon the latter count. The law takes no note of the fractions of a day, save to prevent injustice.

The theory of section 1941 of the Penal Law and like statutes that prescribe heavier puishment for a second offender is that he has not reformed since his first offense, but has persisted in breaking the law. (People v. Raymond, 96 N. Y. 38, 41; Carey v. State, 70 Ohio St. 121.) The reason for the rule had no play in such a case as the one at bar.

We think, then, that the defendant was entitled to the mercy of an indeterminate sentence under section 2189 of the Penal Law when the court dealt with the count for grand larceny. (Carey v. State, *supra.*)

The sentence is set aside, and it is ordered that the defendant be brought before this court for resentence on the 3d day of

January, 1917, at one o'clock of said day. (See People v. Bretton, 144 App. Div. 282; appeal dismissed, 210 N. Y. 585; People v. Scheuren, 148 App. Div. 324.)

THOMAS, STAPLETON and PUTNAM, JJ., concurred; CARR, J., not voting.

Judgment of conviction of the County Court of Kings County affirmed on reargument; but the sentence imposed by said court is set aside, and it is ordered that the defendant be brought before this court for resentence on Wednesday, January 3, 1917, at one o'clock P. M.