# SUPREME COURT — SPECIAL TERM — KINGS COUNTY.

## April, 1918.

THE PEOPLE ex rel. DOMINICK PLATTNER v. THE WARDEN, etc.

(103 Misc. 330.)

CERTIORARI—LEGALITY OF DETENTION OF RELATOR CANNOT BE TESTED BY WRIT OF—INDICTMENT—CODE CRIM. PRO., § 485A—PENAL LAW, §§ 1897, 1935, 2189.

Where upon the day that defendant pleaded guilty to an indictment charging him with grand larceny in the second degree and was given, four days later, an indeterminate sentence of not less than two years and three months and not more than four years and six months, he was indicted for carrying a dangerous weapon, and upon his plea of guilty was sentenced to a State prison for a term of seven years, the longest term for a first offense, as authorized by section 485a of the Code of Criminal Procedure and sections 1897, 1935 and 2189 of the Penal Law, the question of the legality of his detention under the fixed sentence cannot be tested by a writ of certiorari.

CERTIORARI proceedings.

*Louis Fabricant,* for relator.

*Harry E. Lewis, District Attorney* (by *Harry S. Anderson, Assistant District Attorney*), for Warden.

VAN SICLEN, J.:

The relator, by writ of certiorari, seeks to test the legality of his detention. It appears that said relator was separately indicted, upon the same day, for four different offenses. This proceeding, however, relates to but two thereof.

On March 27, 1913, Dominick Plattner, above named, was indicted for the crime of grand larceny in the second degree,

alleged to have been committed on March 19, 1913, by stealing
the sum of $289.25 from his employer, to which indictment he
pleaded guilty on March 27, 1913, and on March 31, 1913, he
was sentenced to Sing Sing Prison under an indeterminate
sentence of not less than two years, three months, and not more
than four years, six months.   On the same day (March 27,
1913) relator was indicted for the crime of carrying a danger-
ous weapon, alleged to have been committed by him on March
19, 1913, to which also he pleaded guilty on March 27, 1913,
and on March 31, 1913, he was sentenced to Sing Sing Prison
under a fixed or definite sentence of seven years.   In no indict-
ment mentioned hereinbefore was relator charged as a second
offender and there is no claim that he had theretofore been
convicted of any crime.   Relator insists that he is now detained
by reason of said fixed or definite sentence which could not
lawfully be imposed upon him because of no prior conviction.

The return to the writ herein shows that the relator is held
under final judgment of a court of competent jurisdiction,
which raises the question as to whether or not the relator is
entitled in this proceeding to the relief sought.   If it be held
that he has the right to raise the question by way of a writ, it
follows that it must be upon the theory that the judgment of
the court upon the plea to the indictment for carrying a danger-
ous weapon was void — the court being without power to render
that particular judgment.   A review of the authorities discloses
that the point is not clear from doubt.   In support thereof, but
by way of writ of habeas corpus, see People ex rel. Gray v.
Warden (168 N. Y. Supp. 708), People ex rel. O'Brien v.
Warden (168 id. 707.   Contra, see People ex rel. Lebelsky v.
Warden (168 N. Y. Supp. 704) and cases cited; People ex rel.
Goldstein v. Clancy (163 App. Div. 614), wherein it is pointed
out that the remedy is by appeal.   The question cannot be
raised by writ of certiorari for the reason that writs of error
and certiorari in criminal actions and proceedings have long

since been abolished (Code Crim. Pro., § 515), and therefore it seems that the relief herein sought should be denied.

In fairness to relator, however, it may be well to ascertain what, if any, merit there is to his contention that a fixed or definite sentence could not be lawfully imposed upon him. Such inquiry makes it necessary to refer briefly to the facts surrounding the circumstances of the commission of the crime or crimes as charged. The relator was employed by a partnership conducting a factory at 104 Central avenue, Brooklyn. On March 19, 1913, in the afternoon, the payroll had been brought from the bank and left on a table in the factory, from which he took said pay-roll, amounting to the sum of $289.25, and left the premises with it. Later in the day his employers reported the loss to the police, and two detectives, after making an investigation of the premises, left with one of the members of the firm employing relator to find him, and early in the evening the search led them to relator's boarding house, 777 Bushwick avenue, some distance from the place of his employment. After a search of the premises relator was discovered leaving the premises by one of his employers, who demanded the money from him and pursued him, in which pursuit relator fired two shots; and thereafter the two detectives joined in the pursuit, in the course of which relator also fired shots from his magazine pistol at the police officers, none of the shots taking effect. Thereupon relator was overtaken, arrested, and the greater part of the money stolen was recovered. Thereafter he was indicted, pleaded guilty and sentenced as hereinbefore set forth.

The relator concedes that this proceeding turns wholly upon whether he was, prior to the conviction and sentence under the second indictment for the crime of carrying a dangerous weapon, a second offender within the meaning of section 1941 of the Penal Law, and relies upon the case of People v. Bergman (176 App. Div. 318) to sustain his contention, that he was not, within the meaning of said section 1941, a person who had been

previously convicted.   An examination of said Bergman case discloses that the defendant therein was tried upon an indictment that contained three counts — burglary in the third degree, grand larceny in the first degree, and criminally receiving stolen goods; was found guilty under the first two counts and sentenced upon the first count to an indeterminate term in a State prison, and upon the second count to a fixed term of seven years. As in this case, the defendant was not charged in the indictment as being a second offender.   The appellate court held that the verdict upon the two counts was simultaneous, and that the sentence with respect to the first count did not make the defendant a second offender at the time of the sentence upon the latter count, remarking that: " The law takes no note of the fractions of a day, save to prevent injustice," and that the theory of said section 1941, which prescribes heavier punishment for a second offender, is that he has not reformed since the first° *offense,* but has persisted in breaking the law.   The defendant therein was ordered to be brought before the court for re-sentence.

It will be noted that the court used the words " second offender," and one who has not reformed since his " first offense."   Said section 1941 distinctly defines a second offender as " a person, who, *after* having been *convicted* within this State, of a felony   *   *   * commits any crime, within this State, is punishable upon conviction of such second offense, as follows:   *   *   *."   So that it seems clear that no one is a second offender under the statute until he commits a crime *subsequent to the first conviction.*   The court, it seems, in the Bergman case, might well have substituted " first conviction " in place of " first offense," and, consequently, if the relator was not such an offender as defined in said section 1941 he was entitled to the benefits of section 2189 of the Penal Law, although technically he was not such a person as therein defined, namely, one who had never before been *convicted* of a crime punishable by imprisonment in a State prison.   In other words,

while the plain intent of section 2189 is to extend the mercy of the statute only to a first offender, still, though the relator therein had committed two offenses and been convicted of both practically simultaneously, he must be considered, under section 1941, as a first offender. Obviously the intention of the statute is that the *conviction* must control rather than the *offense,* and if the *commission* of the offense was the criterion by which the offender should be adjudged and sentenced the statute should so state.

In Suss v. Farley (164 App. Div. 161) the same court which decided the Bergman case held that it was not necessary, in order to work a forfeiture of a liquor license, that the second conviction must be for an offense committed subsequently to the first conviction, the provision of the statute requiring two convictions only. The court therein stated that the holding that there should be a conviction for an offense committed after the first conviction in order to work a forfeiture would be adding words and thoughts to the statute that are not to be found within its letter and spirit. Applying the same rule to section 1941 as construed in the Bergman case it would be necessary to read into said section a prior commission of a felony in place of a conviction thereof, which would upon conviction render the accused a second offender, and which under Suss v. Farley, *supra,* is prohibited.

The case of People v. Rosen (208 N. Y. 169), holds that, in order to adjudge an accused person to be an habitual criminal under sections 1020 and 1021 of the Penal Law, the provisions of the statute must have been duly charged in the indictment, and further, by inference, that information obtained by examination under section 485a, Code of Criminal Procedure, may be untilized by the court for the purpose of imposing, under section 1941 of the Penal Law, a fixed sentence upon an accused person, not charged as a second offender, instead of the indeterminate one to which a person not before convicted is en-

titled under section 2189 of the Penal Law. Said decision attempts in nowise to change or modify said section 1941 by substituting a prior commission of a felony in place of a prior conviction thereof, or to so construe its letter, meaning or spirit. On the other hand it would seem that the court inferentially at least was of the opinion that punishment of increased severity under said section 1941 should be imposed only upon one who after having been convicted of a felony commits any crime, a crime committed subsequently to the first conviction. Certainly section 485a of the Code of Criminal Procedure cannot be held to modify or enlarge the clearly expressed wording of section 1941 of the Penal Law.

Although it may be important to have a full and definite construction by the appellate courts of the provisions of section 1941 of the Penal Law and the nature and extent and due application thereof, this court cannot by its determination of the only questions involved in this proceeding present the precise question for review. In the first place the relator has mistaken his remedy; secondly, the case of People v. Bergman, *supra* (relator's sole reliance), has no application for the reason that the crimes charged in the indictments herein relate to separate and distinct offenses and sufficiently separate in time; and, thirdly, from an examination of all the papers submitted in this proceeding it clearly appears that the relator was not held to be, or as, a second offender under section 1941 and was not so treated and sentenced. The fact is that the relator was given the longest term in the form of a fixed or determinate sentence for a first offense, for which full authority is found in section 485a, Criminal Procedure, and sections 1897, 1935 and 2189 of the Penal Law, and in People v. Rosen, *supra.*

The relator's contention, therefore, that he is illegally detained is without merit and it follows that the writ must be dismissed.

Writ dismissed.