THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHESTER GACZEWSKI, Appellant, *v.* EDGAR S. JENNINGS, as Warden of Auburn Prison, Respondent.

Fourth Department, March 14, 1928.

**Crimes — sentence — definite sentence proper although relator not second offender within meaning of Penal Law, § 1941 — relator not entitled to indeterminate sentence under Penal Law, § 2189.**

Although the relator was not a second offender within the meaning of section 1941 of the Penal Law, because the crime of which he was convicted was not *committed* subsequent to a previous conviction of a felony or of an attempt to commit a felony, a definite sentence was proper. He was not entitled to an indeterminate sentence under section 2189 of the Penal Law, since at the time the sentence was imposed he had been convicted of a crime punishable by imprisonment in a State prison.

APPEAL by the relator from an order of the Supreme Court, entered in the office of the clerk of the county of Cayuga on the 10th day of October, 1927.

The order denied relator's petition for relief, dismissed a writ of habeas corpus and remanded the relator to the custody of the warden of Auburn Prison.

*Chester Gaczewski,* appellant, in *propria persona.*

*John S. Leonard, Assistant District Attorney,* for the respondent.

PER CURIAM. The definite sentence for ten years was proper although the relator when the sentence was imposed on January

18, 1922, was not a second offender within the meaning of section 1941 of the Penal Law (as amd. by Laws of 1920, chap. 571),* because the crime on which the conviction was based had not been committed subsequent to a prior conviction of a felony or of an attempt to commit a felony. He was not entitled to an indeterminate sentence under the provisions of section 2189 of the Penal Law (as amd. by Laws of 1919, chap. 411), for at the time of the imposition of the sentence he had already been convicted of a crime punishable by imprisonment in a State prison. This is not a case where there is a concurrent conviction of two crimes where the sentence for each conviction must be indeterminate as in *People* v. *Bergman* (176 App. Div. 318). The definite term of imprisonment imposed in the sentence has not yet elapsed and the appellant is, therefore, not entitled to his release.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Order affirmed.