THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM TRAMONTI, Defendant.

County Court, Bronx County, October 30, 1934.

*Samuel J. Foley* [*Martin M. Frank, Assistant District Attorney,* of counsel], for the plaintiff.

*Thomas K. Saltzman,* for the defendant.

STACKELL, J. The defendant makes a motion for an order vacating and setting aside the sentence heretofore imposed upon him as a second offender and prays that he be resentenced as a first offender and receive the benefit of an indeterminate sentence upon the ground that at the time the sentence was imposed in this court he was not a second offender.

The defendant appeared in the Bronx County Court and pleaded guilty to the charge of grand larceny in the second degree and received a definite sentence of seven years in State prison and is now serving that sentence.

If his contention be correct, the maximum sentence that the court could impose on a first offender would be for a period of not less than two and one-half and not more than five years. (Penal Law, § 1297.) In order to determine the question whether the defendant was a second offender at the time he was sentenced to State prison, resort must be had to the facts.

The indictment charging this defendant with grand larceny sets forth that the offense was committed in the borough and county of Bronx on the 17th day of November, 1930. The defendant was sentenced for this crime on December 2, 1932. At the time of sentence an information was filed by the former district attorney, which charged this defendant, pursuant to section 1943 of the Penal Law, with having heretofore been convicted of a felony, to wit, on the 4th day of December, 1931, of the crime of unlawfully and feloniously transporting and causing to be transported from one State to another State, a certain Buick automobile coupe of the value of $700, knowing said automobile to have been stolen, and that thereafter, at a term of the District Court of the United States for the District of Rhode Island before the Hon. IRA LLOYD LETS, the said William Tramonti was sentenced to serve a term of imprisonment of one year in the Providence County Jail. It will thus be observed that the crime which this defendant committed in the Bronx preceded the offense for which he was sentenced in the Federal court.

Counsel for the prisoner now contends that by virtue of this fact the defendant was not a second offender within the meaning of the Baumes Law. Section 1941 of the Penal Law says: " Punishment for second offense of a felony. A person, who, after having been convicted * * * of a felony * * * commits any felony, within this State, is punishable upon conviction as a second offender."

It is thus apparent that at the time the defendant appeared for sentence in the Bronx County Court, he had previously been convicted and sentenced for a violation of the Federal statute.

It is also apparent that the Bronx offense preceded the commission of the crime for which he was sentenced in Rhode Island.

To my mind, the purpose of this section and like statutes that prescribe heavier punishment for the second offender is that he has not reformed since his first offense, but has persisted in breaking the law. This is consistent, not only with the construction of the statute involved, but also with the dictates of justice.

It is, therefore, definitely established that at the time the seven-year sentence was imposed upon this defendant it was for his first offense, although it is true that subsequent to this first offense he committed a second offense and had been sentenced therefor to one year in the Providence County Jail.

Theoretically, he was a second offender, but actually he was being sentenced for his first offense.

What happened was that after this defendant had been indicted for a crime that he committed in Bronx county and before he

was brought to trial on said indictment, he committed the Federal offense and was sentenced by the Federal court in Rhode Island.

It seems clear that no one is a second offender under the statute until he commits a crime subsequent to the first conviction. (*People ex rel. Plattner* v. *Warden,* 103 Misc. 330.)

These are matters of public record which leave no room for dispute or misunderstanding.

The prisoner further urges that the violation of the Federal statute is not such a crime which, if committed in this State, would be deemed a felony. Authority for this contention may be found in the cases of *People* v. *Gutterson* (244 N. Y. 243); *People* v. *Davis* (141 Misc. 897); *People* v. *Voelker* (220 App. Div. 528); *People* v. *Castellano* (228 id. 670).

I have, therefore, reached the conclusion that this defendant should have been sentenced as a first offender and received the merciful consideration contemplated by an indeterminate sentence.

There can be no question as to the power of this court to correct its own sentence where the sentence was erroneous or illegal in the first instance. (*People* v. *Brown,* 153 App. Div. 234; *People* v. *Bork,* 96 N. Y. 188.) In the case of *People ex rel. Sloane* v. *Lawes* (255 N. Y. 112) Judge CRANE, in writing for the Court of Appeals, uses the following language, which is particularly appropriate: " The law deals with realities and not fictions; it punishes men for what they have done, not for formal entries or paper records, not true in fact."

It is quite evident, at the time this defendant was sentenced, the court was under the impression that he had been convicted of a felony previous to the commission of the offense for which he was about to be sentenced; but this was not the fact.

If the prisoner is legally entitled to relief, it should not be denied him.

The motion is granted. Let an order be made directing the warden to produce the prisoner, William Tramonti, before this court for resentence on Friday, November 2, 1934, at ten A. M. Submit order.