THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARTIN PRISAMENT, Appellant, v. JOSEPH H. BROPHY, Warden of Auburn State Prison, Auburn, N. Y., Respondent.

Fourth Department, March 19, 1941.

*Martin Prisament*, appellant in person.

*John J. Bennett, Jr., Attorney-General* [*Edward T. Boyle* and *Patrick H. Clune* of counsel], for the respondent.

McCURN, J. This is an appeal from an order of the County Court of Cayuga County, entered August 10, 1940, dismissing a writ of habeas corpus.

On March 11, 1940, the relator, Martin Prisament, was convicted in the Court of General Sessions of the County of New York of the crime of attempted robbery in the third degree. At that time the district attorney of New York county filed an information against him, charging him with a prior conviction in the

United States District Court for a crime which would have been a felony if committed in this State. Accordingly, he was sentenced as a second offender, pursuant to section 1941 of the Penal Law, to a term of imprisonment of not less than five nor more than ten years. Had he been a first offender, his term of imprisonment would have been for a maximum term of five years. The relator had interposed, as a plea in bar to the increased punishment, a " full and unconditional " pardon for the first offense from the President of the United States, the pardon stating on its face that it was granted because of Prisament's innocence of the crime for which he had been convicted. The record indicates that the pardon was granted upon the application of the Department of Justice after its discovery of a mistaken identification by government witnesses at the trial. Insisting, therefore, that he is now held in Auburn Prison under an illegal sentence, the relator has petitioned for a writ of habeas corpus to inquire into his detention. He now appeals from a dismissal of that writ.

The theory upon which increased punishment is provided for in section 1941 of the Penal Law is that the defendant since his first offense has not reformed but has persisted in breaking the law, thereby showing such evil tendencies as to justify a more severe penalty than would be inflicted upon a first offender. (*People* v. *Bergman*, 176 App. Div. 318; appeal dismissed, 220 N. Y. 704; *People* v. *Raymond*, 96 id. 38, affg. 32 Hun, 123.)

When proof of such a prior conviction with proper identification of the defendant is made, it ordinarily brings him within the purview of the statute. The bare fact that he has received an executive pardon will not relieve him. That is because the ordinary pardon is an act of grace, done for some good reason to release the defendant from the further legal consequences of his crime. (*Biddle* v. *Perovich*, 274 U. S. 480.) It does not, however, blot out the fact that he has committed the crime for which he was convicted, and the fact of that conviction may still be taken into consideration in sentencing him for a crime thereafter committed. (*People* v. *Carlesi*, 154 App. Div. 481; affd., 208 N. Y. 547; affd., 233 U. S. 51.)

The underlying principle is different, however, if the pardon is granted upon the *ground of innocence*. While such a pardon does not technically erase the record of conviction, it would not only be contrary to the purpose of the statute, but a rank injustice to punish a man as a second offender when he had been pardoned at the instance of the government itself from his first conviction upon the ground that he was in fact innocent. An examination of the cases which hold that a defendant may be sentenced as

a second offender after a pardon for his first offense, discloses that in no instance did it appear that the pardon was granted upon the ground of innocence.

In *People* v. *Carlesi* (*supra*) Judge MILLER, writing the Appellate Division opinion, pointed out that in that case the pardon *assumed the guilt* of the prisoner. Judge LAUGHLIN, concurring, was of the opinion " that if the defendant had received a full unlimited pardon for the former offense it would have constituted an invulnerable shield against a subsequent conviction for a felony as a ' second offense,' pursuant to the provisions of section 1941 of the Penal Law, which requires a longer sentence in such cases; because that statute presupposes not merely a former formal conviction, which may have been vacated or reversed, but which stands unaffected, whereas such a pardon obliterates guilt and is equivalent to a verdict of not guilty."

The distinction is recognized by the United States Circuit Court of Appeals in *Groseclose* v. *Plummer* (106 F. [2d] 311; certiorari denied, 308 U. S. 614). The court said (at p. 313): " A pardon, to the extent of its terms, does nothing more than to abolish all restrictions upon the liberty of the pardoned one, and upon his civil rights that follow a felony conviction and sentence. As to what effect a pardon would have based upon the discovery of absolute innocence of crime we need not here consider, for the text of each pardon in this case assumes the guilt of the petitioner." (See, also, *People* v. *Dutton*, 9 Cal. [2d] 505; 71 P. [2d] 218; appeal dismissed, 302 U. S. 656; 88 U. of Pa. Law Rev. 177; 78 id. 561; 41 Harv. Law Rev. 918; 14 Minn. Law Rev. 293. Cf. Williston, " Does a Pardon Blot Out Guilt," 28 Harv. Law Rev. 647; and annotation, 116 A. L. R. 209.)

In the present case the judgment of conviction has become a finality. Defendant has already served two years in prison for a crime of which he was innocent. His only practical relief at that late day was a presidential pardon. There can be no doubt that the President has authority under paragraph 1 of section 2 of article 2 of the Constitution to grant a pardon on the ground of innocence. The President's authority to make a finding that the defendant was innocent of the crime is implicit in his power to grant a pardon on the ground of innocence. It is, therefore, a decision based upon constitutional authority and the defendant should be entitled to invoke it for all purposes in the future whenever the question of his guilt or innocence may arise.

Congress gave practical effect to the President's finding of innocence in connection with his power to pardon when it enacted sections 729 and 730 of title 18 of the United States Code. Section

729 provides that any person convicted of crime and having served all or any part of his sentence who " shall hereafter receive a pardon on the ground of innocence " may maintain a suit in the Court of Claims to recover damages for such conviction and imprisonment.

Section 730 provides: " The only evidence admissible on the issue of innocence of the plaintiff shall be a certificate of the court in which such person was adjudged not guilty or a pardon or certified copy of a pardon, and such certificate of the court, pardon, or certified copy of a pardon shall contain recitals or findings that   *   *   *

" (a) Claimant did not commit any of the acts with which he was charged;   *   *   *."

The presidential pardon in the present case recited a finding of defendant's innocence. When that pardon was produced by the appellant as a plea in bar to increased punishment under section 1941 of the Penal Law, it constituted proof not only of the fact of pardon, but of the appellant's innocence.

The appellant had already served two years in prison for a crime of which he is innocent. He is now serving a sentence carrying increased punishment on account of conviction for the crime of which he was innocent. The Legislature never intended that injustice should result from the provisions of section 1941 of the Penal Law. It intended that increased punishment should be meted out only to habitual breakers of the law.

The pardon in the instant case is a bar to increased punishment and the defendant should have been sentenced as a first offender.

All concur, except HARRIS, J., who dissents and votes affirmance in a memorandum. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

HARRIS, J. (dissenting). The power of our government is divided into three departments: executive, legislative, judicial. With the judicial department lies the decision of the guilt or innocence of one accused; with the executive power lies the expression of clemency after punishment has been decreed for the guilty one. The majority of the court holds herein that the exercise of clemency based on a finding of innocence by the executive is sufficient to relieve the appellant of his first conviction and its consequences. I believe that such conclusion leads to the invasion by the executive of the duties and powers of the judiciary. We should hold that the first conviction stands despite the pardon until the appellant is relieved of the same by judicial action. It may be argued that this is for the appellant a harsh application of the law but if he is right in his contention that he was innocent of the charge on which he

was convicted in Federal court then he has means of asking relief from his present sentence. One means is the exercise of executive clemency by the Governor; another is remedial legislation which would provide that a pardon with a finding of innocence by the pardoning power would relieve the individual convicted the second time from the effect of the provisions of section 1941 of the Penal Law or similar penal provision; a third, application to the court in which the first conviction was had for setting aside on the ground of injustice of the conviction and dismissal of the charge.

Order modified, without costs, and matter remitted to the Court of General Sessions of the County of New York and relator remanded for resentence in accordance with the opinion.