THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN REGAN, JR., Defendant.

Court of General Sessions of County of New York, September 1, 1943.

*John Regan, Jr.,* defendant in person.

*Frank S. Hogan, District Attorney,* for plaintiff.

FRESCHI, J. Papers have been submitted by John Regan, Jr., now serving a sentence of twenty years in State prison, imposed on June 29, 1934, for the crime of manslaughter in the first degree, petitioning this court to vacate the sentence upon the ground of its alleged illegality, predicated upon his contention that he was sentenced as a second felony offender, or, in alternative, for a reduction of sentence on the basis of good conduct.

This motion must be denied. One of the contentions now advanced was considered on January 19, 1942, when the prisoner was arraigned for resentence. (See *People* v. *Regan,* 177 Misc. 984.)

The prisoner fails to understand that he was never charged with being, nor sentenced as, a second felony offender " within the meaning of section 1941 of the Penal Law, because the crime on which the conviction was based had not been committed subsequent to a prior conviction of a felony " (*People ex rel. Gaczewski* v. *Jennings,* 223 App. Div. 78). A definite sentence under similar circumstances was sustained in said *Gaczewski* case.

A brief outline of the situation in this case might serve a useful purpose. The manslaughter in question was committed on

July 14, 1933. The statute (Penal Law, § 1051) in effect on that date and controlling as to punishment, even though, as here, the sentence was not imposed until later, prescribes the term not exceeding twenty years as punishment for manslaughter in the first degree. Section 2189 of the Penal Law was also effective at that time. The record shows that after the commission of the crime and before his conviction in this case, Regan escaped and, while at large in New Jersey, committed another crime which was a felony. After serving his time therefor in the New Jersey State Prison, he was returned to New York, where he entered his said plea and the sentence he is now serving followed on June 29, 1934. Obviously, on that date, he was a person who had been convicted of a crime for which he had been imprisoned in a State prison, and was not, therefore, entitled to the benefits and rewards of an indeterminate sentence under section 2189 of the Penal Law (as it existed prior to its amendt. by L. 1933, ch. 773).

The sequence of the crimes and convictions form the test for determining in which category this prisoner comes. An analysis of the provisions of section 2189 of the Penal Law makes it clear that the indeterminate sentence mentioned therein applies only to persons who have not been previously convicted of a State prison offense. Plainly, there are two types of first offenders known to our law — those who have never been convicted of a crime, in which cases the indefinite sentence may be applied; and those who have been first convicted of a subsequent crime, where such a sentence cannot be legally imposed.

The added punishment prescribed in the case of a second felony offender under section 1941 of the Penal Law, which deals with a different situation, may be fixed only where one has been previously convicted of an offense committed, in point of time, as a first felony.

In the case at bar, the prisoner, having committed two crimes, in the second case of which he had been first convicted, was arraigned before this court in the first case and sentenced. His status was fixed and, under these circumstances, a definite sentence was peremptory, with power in the judge to fix the length of the punishment and confinement, proportioned to the nature of the offense and that which fits the character of the person sentenced (*People ex rel. Plattner* v. *Warden, etc.*, 103 Misc. 330). I do not agree with the disposition, however, as to the theory of the sentence, in *People* v. *Tramonti* (153 Misc. 371, 373).

There are different types of indeterminate sentences under our Penal Law. The first, second, third and fourth felony offenders are all subject to indeterminate sentences, varying in the degree of punishment; but a first offender with a prior conviction presents a different situation. He is in a separate classification by reason of the type of crimes he has committed which prove his wickedness and disposition toward criminality, thus establishing his incorrigibility; and where his " moral regeneration " and reformation, as shown by his record, are out of the case, then the definite sentence is a proper disposition. The whole system of treatment and rewards for good conduct is the underlying theory of the scheme of the indefinite sentence as outlined by the so-called " Irish System and Experiments " of Archbishop Whately of Dublin and others, in contrast to the definite sentence. (Attorney General's Survey of Release Procedures, Vol. IV, " Parole ", pp. 14–22, Department of Justice, Washington, D. C., 1939.) This survey gives, among other things, the historical relation of parole to the indeterminate sentence. Therefore, the only legal sentence of incarceration in the case of this prisoner who, while a fugitive from the justice of this State, committed and was convicted of another crime, thus affording proof of his moral delinquency, even though for the purposes of this sentence he was deemed a first offender within the meaning of the law, was a definite one, the grade of his offenses being felonies.

The application for a reduction of sentence goes into another field of penology and treatment of prisoners. Whether there shall be a release from imprisonment and freedom by pardon or parole, or a release that is absolute or conditional, or any sort of reduction of sentence and release presents other considerations which rest entirely with the executive authority. (Correction Law, art. 9.)

Accordingly, all motions are denied.