Sherlock E. IIaley, J.
Relator, William Hicks, seeks his release from Clinton Prison at Dannemora, New York, by writ of habeas corpus.
The records show that relator Avas convicted of attempted grand larceny, second degree, by plea of guilty in Clinton County Court on December 6,1939, and sentenced on December 8, 1939 to an indeterminate term of 2% to 5 years in Clinton Prison.
In April, 1940 relator was brought back from prison to the same court, and, after a jury trial, convicted of criminally receiving stolen property, which, at that time, carried a prison sentence of not more than 20 years.
Sentence was deferred to May 3, 1940, at which time relator was charged with and pled guilty to being a third offender. His sentence was an indeterminate term of 20 to 40 years (a mandatory sentence at that time) to commence at the expiration of the December, 1939 sentence he had started serving.
On June 1, 1940, two months later, the Legislature reduced the penalty for a conviction of receiving stolen property to 10 years. Relator claims he should be entitled to the benefit of this legislative modification of punishment. (Penal Law, § 1308, as amd. by L. 1940, ch. 443, eff. June 1, 1940; People v. Spagnolia, 260 App. Div. 551.)
However, relator took no appeal from his conviction and as the legislative amendment was not retroactive, habeas corpus *1056 can provide no relief. (People ex rel. Davidson v. Morhous, 265 App. Div. 892, affd. 293 N. Y. 818.)
Relator’s second point raised in Ms writ has merit. He contends that he should have been sentenced as a first felony-offender on May 3, 1940, not as a third felony offender, citing People v. Olah (300 N. Y. 96).
The two underlying crimes used to charge relator as a third offender were a New Jersey conviction on May 25, 1934 of possession of burglary tools and the aforesaid Clinton County conviction of attempted grand larceny, second degree, on December 8, 1939.
Relator maintains that mere possession of burglary tools in New York State is a misdemeanor, citing section 408 of the Penal Law entitled “ Burglar’s instruments.”
At the time of relator’s conviction in New Jersey in 1934 there were two sections of the New Jersey Criminal Code pertaining to illegal possession of burglar’s tools or instruments. (N. J. Rev. Stat., §§ 2:115-5, 2:202-6.) Those sections now read as follows:
“ 2A:94-3. Manufacturing or possessing burglar’s tools. Any person who manufactures or knowingly possesses any engine, machine, tool or implement adapted or designed fox-cutting through, forcing or breaking open any building, room, vault, safe or other depository, in order to steal therefrom any money or other property, knowing the same to be adapted or designed for such purpose, with intent to use or employ or allow the same to be used or employed for that purpose, is guilty of a high misdemeanor.” (N. J. L. 1898, ch. 235, § 134.)
“ 2A:170-3. Carrying weapons or burglar tools with intent to break and enter or assault; presence ixx or near buildings or other places with intent to steal. Any person who has upon him any picMock, key, crow, jack, bit or other implemexxt, with intent to break and enter into any building, or has upon him any offensive or dangerous weapon, with intent to assault any person, or is found in or near any premises used for dwelling, business or storage purposes, or ixx any place of public resort or assemblage for business, travel, worship, amusement ox- other lawful purpose, with intent to steal any goods or chattels, is a disorderly person.” (N. J. L. 1898, eh. 239, § 2.)
Comparison of the two New Jersey sections pertaining to possession of burglar’s tools with our nearest corresponding penal statute (Pexxal Law, § 408) makes it readily apparent that violation of either of the New Jersey statutes would only constitute a misdemeanor ixx the State of New York, and, hence, could not be used as a basic felony charge in a multiple offender information. (Penal Law, §§ 408. 1941; People v. Olah, supra.)
*1057 Turning to the Clinton County conviction of criminally receiving stolen property on May 3,1940, the indictment shows that the crime charged occurred in October, 1939 prior to, not after, his first Clinton County conviction of December 8, 1939, which first conviction therefore could not be counted under section 1941 as a prior felony.
Section 1941 of the Penal Law specifies that additional punishment as a second or third offender may only be imposed on “ a person, who, after having been once or twice convicted * * * of an attempt to commit a felony * * * commits any felony”. (Penal Law, § 1941; italics supplied. See, also, People v. Begue, 1 A D 2d 289; People ex rel. Gaczewski v. Jennings, 223 App. Div. 78.)
The writ is sustained. Relator’s sentence of May 3, 1940, as a third offender, is vacated. It is directed that relator be presented forthwith before the Clinton County Court at a Trial Term thereof, for resentence as a first offender nunc pro tunc, as of May 3,1940.