THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BURNIE McCALL, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. BURNIE McCALL, Appellant, *v.* SARTO C. MAJOR, as Sheriff of the County of Onondaga, Respondent.

Fourth Department, May 10, 1962.

*Vincent E. Doyle, Jr.,* for appellant.

*Joseph A. Ryan* (*Helen B. Norem* of counsel), for respondent.

HALPERN, J. We have before us two appeals. One is from an order of the County Court of Onondaga County, denying an application of the defendant for bail after he had obtained a certificate of reasonable doubt, upon the ground that the court had no power to grant bail under the statute because of the defendant's prior convictions. The other appeal is from an

order of the Supreme Court, Onondaga County, dismissing a writ of habeas corpus by which the relator-appellant sought to challenge the County Court's denial of bail. The order denying bail is not an appealable order and the appeal therefrom must therefore be dismissed. The disposition of the appeal in the habeas corpus proceeding requires us to make a detailed examination of the pertinent statutes.

The defendant's current convictions were for two felonies under statutes relating to narcotic drugs. One conviction was for a violation of section 580-a of the Penal Law (added by L. 1959, ch. 611), making it a felony for two or more persons to conspire, *inter alia,* to commit the crime of "illegally selling narcotics". The other conviction was for a violation of section 1751 of the Penal Law, making it a felony to sell any narcotic drug or to have possession of such drug with the intent to sell it.

The defendant's current convictions are now on appeal in this court. A certificate of reasonable doubt was granted by the County Judge but he held that he had no right, as a matter of law, to release the defendant on bail pending appeal, because of the defendant's prior convictions of misdemeanors under sections 1747-d and 1751-a of the Penal Law, in view of the provisions of sections 552 and 555 of the Code of Criminal Procedure.

Section 552 of the Code of Criminal Procedure provides that a defendant cannot be admitted to bail either before or after indictment except by a Justice of the Supreme Court or by a Judge of the Court of General Sessions or of County Court where the defendant is charged

"3. With a felony or with any of the misdemeanors or offenses specified in this section and it shall also appear from the defendant's fingerprints, or otherwise, that there is reason to believe that he has either (a) been previously convicted within the state of a felony, or an attempt to commit a felony * * * or (b) has been twice so convicted of any one of such misdemeanors or offenses or convicted of any two of them. The misdemeanors and offenses referred to in this section are the following, as defined in the penal law, to wit: * * * violation of section seventeen hundred forty-seven-c and seventeen hundred forty-seven-d of the penal law; and any violation of any provision of article thirty-three of the public health law relating to narcotic drugs which is defined as a misdemeanor by section seventeen hundred fifty-one-a of the penal law."

Section 555 of the Code of Criminal Procedure provides that:

"After the conviction of a crime not punishable with death or life imprisonment a defendant who has appealed, and when

there is a stay of proceedings, but not otherwise, may be admitted to bail:

\* \* \*

" 2. As a matter of discretion in all other cases, except that \* \* \* (c) if the defendant is convicted of any of the crimes or offenses described in section five hundred fifty-two of this code and is circumstanced as there described, he shall not be admitted to bail."

Among the misdemeanors listed in section 552 and made applicable to section 555 by cross-reference are violations of section 1747-d of the Penal Law and section 1751-a of the Penal Law, of each of which the defendant concededly has been previously convicted. However, it is asserted by the defendant, and not controverted by the District Attorney, that these convictions arose out of a plea of guilty to two separate counts of a single indictment, and that concurrent sentences were imposed therefor. The defendant contends that, in this situation, the two convictions should be treated as a single conviction and that therefore his case does not fall within the prohibition of bail in section 555 of the Code of Criminal Procedure.

In examining this contention, upon which there appears to be no controlling precedent, we should bear in mind that the question here relates only to the release of the defendant on bail pending appeal and not to any increase of punishment by reason of the prior convictions. The purpose of section 555 is to prohibit the admission to bail of a defendant convicted of a felony or of one of the misdemeanors specified in section 552, if he had been previously convicted of a felony or of two of the specified misdemeanors or if he had been convicted twice of any one of the specified misdemeanors. Under the statute, one previously convicted of a felony may not be released on bail pending appeal, after a second conviction for a felony, regardless of the nature of the felonies involved (*People* v. *Wirtschafter*, 305 N. Y. 515). Two prior convictions of the misdemeanors specified in section 552 are treated as the equivalent of a prior felony conviction.

When the statute is thus analyzed, there appears to be no reason to read into it a provision that the two misdemeanor convictions must have been the result of separate prosecutions by separate informations or indictments. There is no general rule of law in this State that for the purpose of applying any statute referring to two or more prior convictions, convictions under separate counts of a single information or indictment must be deemed to be only one conviction. On the contrary,

whenever the Legislature desired to bring about that result, it did so by explicit provision. Thus it provided in sections 1941 (subd. 3) and 1942 of the Penal Law that, "For the purposes" of those sections, "conviction of two or more crimes charged in separate counts of one indictment or information, or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction." There is a similar provision in subdivision 3 of section 1751-a of the Penal Law with respect to the mandatory sentence provided in subdivision 2 of that section. These provisions relate to mandatory punishment or increased punishment which, as has been pointed out above, is wholly different from the question here presented of the eligibility of the defendant for bail after conviction.

Of course, if a defendant who had no prior record of conviction were charged in a single indictment or information with three misdemeanors of the specified type and the defendant were convicted of all three of them, he could not be denied bail upon appeal after conviction upon the theory that he had been previously convicted of two misdemeanors. The convictions in the supposed case would be simultaneous; there would be no previous convictions as required by section 555 of the Code of Criminal Procedure (*People* v. *Bergman,* 176 App. Div. 318, appeal dismissed 220 N. Y. 704). But in a case like the present one, where the defendant had previously been convicted of two of the misdemeanors and thereafter was convicted of a felony or a misdemeanor of the specified type, section 555 is clearly applicable. The requirement of the statute is that it be shown that there were two prior misdemeanor convictions before the conviction in connection with which bail is sought, and that requirement is satisfied. The prior convictions had taken place on July 15, 1959; the present conviction took place on December 14, 1961, for acts alleged to have been committed from January 16, 1961, to April 16, 1961. There is no requirement in sections 552 and 555 that the conviction of the second of the prior misdemeanors must have followed a conviction for the first one. The requirement is only that there be a hiatus between the two prior convictions and the present conviction; there is no requirement of a hiatus between the prior convictions themselves.

The defendant's attorney asserts in his affidavit and brief that both of the crimes for which he was convicted in 1959 " arose from the same transaction ". We have no way of determining whether that is so from the papers before us but, even if we accept the defendant's contention, it is of no materiality here. There may be separate crimes arising from the same transaction which may be separately punished, provided that they were

committed by separate and distinct acts. "It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction" (*People ex rel. Maurer* v. *Jackson*, 2 N Y 2d 259, 264). The act of possessing a narcotic drug in violation of section 1751-a is a separate and distinct act from that of possessing a hypodermic syringe in violation of section 1747-d. Section 1747-d relates to possession of " a hypodermic syringe or hypodermic needle, or any other instrument or implement adapted for the administering of narcotic drugs ". Section 1751-a relates to the misdemeanor of violating any provision of article 33 of the Public Health Law other than the sale of narcotics or possession with the intent to sell, which are punishable as felonies under section 1751. This covers a variety of acts with respect to narcotic drugs, including, in the case of an addict, the possession of a narcotic in a limited quantity intended for his own use and not intended for sale to others. The act of possessing a hypodermic syringe in violation of section 1747-d and the act of possessing narcotic drugs in violation of section 1751-a are separate acts separately punishable, even though they may be committed at the same time and with the same over-all general purpose of administering narcotics to oneself. The defendant could therefore have been separately punished for each of the misdemeanors of which he was convicted in 1959. The fact that the court happened to have imposed concurrent sentences for the two violations is immaterial; under the *Maurer* case, the court could have imposed consecutive sentences, if it had wished to do so. The fact that the offenses were joined in a single information or indictment would not prevent the imposition of separate consecutive sentences (Penal Law, § 2190, subd. 4).

A different case would be presented " if there were merely *a single inseparable act* violative of more than one statute " (*People ex rel. Maurer* v. *Jackson, supra,* p. 264). Under section 1938 of the Penal Law, there could only be single punishment in that case and it could then be plausibly argued that the two convictions should be treated as a single conviction, not because they were included in a single indictment but because under section 1938 there could only be a single punishment for the two convictions. But that question is not presented in this case.

The statutory history of sections 552 and 555 of the Code of Criminal Procedure and of the sections of the Penal Law dealing with narcotic violations is illuminating.

Subdivision 3 of section 552 of the Code of Criminal Procedure was added to that section by chapter 419 of the Laws of 1926. This restricted the giving of bail to a defendant charged with a felony or of a specified misdemeanor, if the defendant had been previously convicted of a felony or had been " twice so convicted of any one of such misdemeanors or offenses or convicted of any two of them ". Among the misdemeanors originally specified in subdivision 3 was the crime of " unlawfully possessing or distributing habit-forming narcotic drugs ". This phrase was deleted by chapter 607 of the Laws of 1940 and there was substituted for it: " any violation of any provision of article twenty-two of the public health law relating to narcotic drugs which is defined as a misdemeanor by section seventeen hundred fifty-one-a of the penal law ". The reference to the article of the Public Health Law was changed from article 22 to article 33 by chapter 276 of the Laws of 1955.

The next amendment of section 552 was that enacted by chapter 280 of the Laws of 1955. The title of the Session Law was: " An act in relation to admission to bail of persons charged with the unlawful sale or possession of hypodermic syringes or needles ". This chapter inserted the words " violation of section seventeen hundred forty-seven-c of the penal law " in the list of specified misdemeanors in subdivision 3 of section 552. At the time of the enactment of the 1955 amendment, the present 1747-d was then numbered 1747-c. It was originally added to the Penal Law by chapter 91 of the Laws of 1952. Prior to that time, there had been no separate misdemeanor of the unlawful possession of hypodermic syringes or needles. The section was renumbered 1747-d by chapter 644 of the Laws of 1956. By the same chapter, a new 1747-c was added dealing with amphetamine or its derivatives. Subdivision 3 of section 552 of the Code of Criminal Procedure was again amended by chapter 816 of the Laws of 1957 to add to the list of specified misdemeanors " [violation of] seventeen hundred forty-seven-d " of the Penal Law. The statute thus included in its list of specified misdemeanors a violation with respect to hypodermic syringes and needles under its new numbering and also retained the reference to section 1747-c, thus embracing within its scope the new misdemeanor with respect to amphetamine and its derivatives.

Section 555 of the Code of Criminal Procedure was first amended by chapter 639 of the Laws of 1928 to forbid the granting of bail (a) to fourth felony offenders and (b) to defendants convicted of a felony committed while armed. Paragraph (c) of subdivision 2 of section 555 with which we are here concerned was added by chapter 507 of the Laws of 1935. Since it pro-

hibited the granting of bail to persons "circumstanced" as described in section 552, it was unnecessary to amend this section to conform to the various amendments of section 552; the amendments became automatically applicable to section 555. There has been no amendment to section 555 since 1935.

Section 1751 of the Penal Law, as originally enacted by chapter 377 of the Laws of 1929, dealt with both felonies and misdemeanors arising out of narcotics violations. It was amended by chapter 168 of the Laws of 1938 so as to deal only with the felony of selling, bartering or exchanging any narcotic drug. The second sentence dealing with misdemeanors was deleted and was made into a separate section, new section 1751-a. Section 1751-a covers all violations of article 33 of the Public Health Law "other than as * * * specified in section seventeen hundred fifty-one", that is, all violations other than the sale of narcotics or possession with the intent to sell (the latter was included in section 1751 by a subsequent amendment to that section by chapter 529 of the Laws of 1951).

Section 1751-a was amended extensively by chapter 528 of the Laws of 1956. A detailed examination of that amendment may be appropriate in view of the defendant's reliance upon one part of it. The substantive provision of section 1751-a was made new subdivision 1 of the section. A new subdivision 2 was added. As amended by chapter 817 of the Laws of 1957, it provided that a person who, after having been convicted of a violation of section 1747-d, 1751 or 1751-a of the Penal Law or "any other law relating to narcotic drugs", commits a misdemeanor in violation of section 1747-d or 1751-a or of "any other law relating to narcotic drugs", shall be sentenced "upon conviction of such second, or other multiple offense to imprisonment for a definite fixed period which shall be not less than six months and not more than one year".

A new subdivision 3 was added reading as follows: "For purposes of this section, conviction of two or more crimes charged in separate counts of one indictment or information, or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction."

It is somewhat difficult to understand the import of subdivision 3 in view of the fact that only one prior conviction was required in order to make the mandatory sentence under subdivision 2 applicable. It would therefore make no difference whether the prior convictions of crimes charged in separate counts of a single indictment were treated as separate convictions or as only one conviction. The subdivision may possibly be given the meaning that the mandatory sentence is not to

apply to the second of two crimes charged in separate counts of a single indictment, if there had been no prior convictions of the specified crimes but, as has been pointed out above, this would probably have been the law anyway (*People* v. *Bergman,* 176 App. Div. 318, appeal dismissed 220 N. Y. 704, *supra*).

The defendant points to subdivision 3 as indicating a general policy on the part of the Legislature to treat as a single conviction, the conviction of a defendant of two or more crimes in violation of sections 1747-d and 1751-a which were charged in separate counts of a single indictment. But we do not believe that any such general policy can properly be inferred from subdivision 3. Its application is limited by the explicit terms of the statute to the " purposes of this section ". So limited, subdivision 3 is material only in determining whether a mandatory sentence of six months to one year shall be imposed for a second misdemeanor conviction or whether the court shall be free to exercise its usual discretionary power.

The treatment throughout the narcotics statutes of the violation of 1747-d and the violation of 1751-a as separate misdemeanors supports the conclusion reached above, that the two misdemeanors of which the defendant had been previously convicted were separate misdemeanors which were separately punishable. The amendment of section 552 of the code to include a violation of section 1747-d in the list of specified misdemeanors, further emphasizes this point. The Legislature must have realized that in the case of a narcotics addict the possession of the hypodermic syringe and the possession of the drug to be administered by means of its use would usually take place as part of the same occurrence or transaction but the Legislature not only made them punishable separately but also listed them separately as misdemeanors to which sections 552 and 555 were to be applicable.

In view of the defendant's reliance, by way of analogy, upon the provision of sections 1941 and 1942 of the Penal Law to the effect that, for the purpose of those sections, convictions of two or more crimes charged in separate counts of one indictment shall be deemed one conviction, it may also be useful to trace the history of that provision. The provision was added to sections 1941 and 1942, respectively, by chapter 328 of the Laws of 1936, as part of a general revision of the law with respect to the joinder of separate crimes in a single indictment. Sections 278 and 279 of the Code of Criminal Procedure had previously read:

" § 278. The indictment must charge but one crime and in one form, except as in the next section provided ".

"§ 279. The crime may be charged in separate counts to have been committed in a different manner, or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts."

(Notwithstanding the restriction imposed by these two sections, joinder of two or more crimes was permitted in special situations under special statutes, e.g., burglary and larceny under section 406 of the Penal Law.)

Section 278 was not changed by the amendment but section 279 was repealed and a new section 279 was adopted allowing the joinder in a single indictment of charges "for two or more acts or transactions connected together or constituting parts of a common scheme or plan, or for two or more acts or transactions constituting crimes of the same or a similar character".

Concurrently, the Legislature by the same chapter added subdivision 4 to section 2190 of the Penal Law, reading as follows: "4. Where a person is convicted of two or more offenses constituting different crimes set forth in separate counts of one indictment or information, or in separate indictments or informations consolidated for the purposes of trial, the court may impose a separate sentence for each offense of which he is so convicted, and the court may order such sentences or any of them, if imprisonment is imposed, to be served concurrently or consecutively."

These amendments were held to be constitutional in *People ex rel. Pincus* v. *Adams* (274 N. Y. 447); see, also, *People* v. *Luciano* (277 N. Y. 348).

The Legislature apparently felt, however, that for the purpose of increased punishment of multiple offenders, two or more convictions under a single indictment ought not to be treated as separate convictions. Otherwise, a defendant might be punished as a third or fourth offender if he committed a felony after having been convicted under only one prior indictment and after having had only one opportunity to reform after the prior conviction. This result, the Legislature apparently decided, was too drastic (cf. *People ex rel. Gaczewski* v. *Jennings*, 223 App. Div. 78; *People* v. *Begue*, 1 A D 2d 289, 293; Ann. 24 A. L. R. 2d 1247). The Legislature therefore amended sections 1941 and 1942, concurrently with the adoption of the new section 279 of the code, by adding to each section a sentence reading: "For purposes of this section, conviction of two or more crimes charged in separate counts of one indictment or information, or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction."

The application of the new sentence was limited by its terms to the " purposes of this section ". It was not applicable to any other section. For all other purposes, two or more convictions under a single indictment were to be treated as separate convictions (cf. § 2190, subd. 4). In any event, the new sentence added to sections 1941 and 1942 could not retroactively affect the meaning of the provisions of subdivision 3 of section 552 of the Code of Criminal Procedure which had been adopted by chapter 419 of the Laws of 1926, 10 years before the adoption of the new sentence. Subdivision 3 of section 552 as adopted in 1926 dealt with the question of the granting of bail to certain defendants who had been previously convicted of a felony or who had been " twice so convicted of any one of such [specified] misdemeanors or offenses or convicted of any two of them ".

Even before the amendment of section 279 of the code in 1936, separate misdemeanor charges could be joined in a single information, since sections 278 and 279 applied only to indictments and not to prosecutions by information in Courts of Special Sessions (*People* v. *Polhamus,* 8 App. Div. 133). Therefore the Legislature must have contemplated the possibility, at the time of the enactment of subdivision 3 of section 552 of the code in 1926, that the two specified misdemeanor convictions might have been had under a single information. Yet it made no provision that, in such a case, the two convictions should be treated as a single conviction. It may well be that if the misdemeanors had been prosecuted by indictment, separate indictments would have been required before 1936, for each of the separate misdemeanors, under sections 278 and 279 as they then read. But when the Legislature authorized the joinder of separate charges for separate acts in a single indictment in 1936, it did not add to section 552 of the code a provision similar to the one it elected to add to sections 1941 and 1942 of the Penal Law. The reason for this difference in treatment is readily understandable. Sections 1941 and 1942 dealt with increased punishment. Sections 552 and 555 of the code dealt only with the eligibility of the defendant for bail.

The court below correctly decided that under the statute the defendant was not eligible for bail. The order dismissing the writ of habeas corpus should therefore be affirmed.

WILLIAMS, P. J., BASTOW, McCLUSKY and HENRY, JJ., concur.

Order dismissing writ of habeas corpus unanimously affirmed, without costs of this appeal to either party. Appeal from order denying bail dismissed, upon the ground that the order is not appealable.