(153 App. Div. 234.)

### PEOPLE v. BROWN.

(Supreme Court, Appellate Division, Second Department. November 15, 1912.)

1. CRIMINAL LAW (§ 977*)—JUDGMENT—CHANGE IN COMPOSITION OF COURT BETWEEN TRIAL AND SENTENCE.

The Court of Special Sessions of the City of New York being in its nature a continuous court (Greater New York Charter [Laws 1901, c. 466] §§ 1409, 1410), the fact that there was a change in its composition between the trial and conviction and the pronouncement of judgment and sentence, a continuance for investigation having been had, during which one of the three judges was changed, does not invalidate the judgment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2482, 2483, 2488, 2489, 2492, 2499, 2502; Dec. Dig. § 977.*]

2. OBSCENITY (§ 17*)—SHOWING OBSCENE PICTURES—SUFFICIENCY OF EVIDENCE.

Conviction of showing obscene pictures, in violation of Penal. Law (Consol. Laws 1909, c. 88) § 1141, is authorized on testimony of S. that defendant showed them to him, and of a policeman that he went to defendant's place with S., who pointed out a coat of defendant, and said the pictures were in it, and that he found the pictures therein, and S. identified them; defendant admitting possession of them, and denying merely that he showed them to S.

[Ed. Note.—For other cases, see Obscenity, Dec. Dig. § 17.*]

3. CRIMINAL LAW (§ 940*)—NEW TRIAL—EVIDENCE AS TO COLLATERAL FACTS.

One is not entitled to a new trial for evidence merely as to collateral facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2324–2327; Dec. Dig. § 940.*]

Appeal from Court of Special Sessions of City of New York.

Defendant was tried for violation of Penal Law (Consol. Laws 1909, c. 88) § 1141, and from a judgment of conviction, and from an order denying a motion for new trial, appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Brinton H. Miner, of New York City, for appellant.

James C. Cropsey, Dist. Atty., and Hersey Egginton, Asst. Dist. Atty., both of Brooklyn, for the People.

JENKS, P. J.   This appeal is from a judgment of conviction of the Court of Special Sessions of the City of New York for a violation of section 1141 of the Penal Law (Consol. Laws 1909, c. 88) and from an order that denies the defendant's motion for a new trial.

[1] The trial court, composed of Justices Moss, Russell, and O'Keefe, found the defendant guilty on February 5, 1912, and remanded him for investigation and sentence until February 9, 1912. On that day he was sentenced by a court composed of Justices Moss, O'Keefe, and Fleming.   It is urged that the sentence is invalid for the reason that "Mr. Justice Fleming had no right to impose sentence on defendant, not having heard the testimony."   Justice Fleming did not impose the sentence, but was a member of the court of judgment.   I am of opinion that it was not legally essential that the court which pronounced judgment should be composed of the same justices, or, indeed, of any of the justices, who composed the trial court.   The principle which controls is expressed in People v. Bork, 96 N. Y. at page 198, as follows:

"We know of no constitutional principle which requires that judgment on a conviction for crime must be pronounced by the same judges before whom the trial was had.   It has never been supposed that the death of a judge, after the conviction of a defendant, would prevent sentence; but this would follow if the contention should be admitted that the same judge who tried the case must pronounce the judgment."

See, too, Weed v. People, 56 N. Y. 628; also United States v. Gordon, 5 Blatchf. at page 29, Fed. Cas. No. 15,231; Ex parte Williams, 26 Fla. 310, 8 South. 425; State v. Jones, 115 Iowa, 113, 88 N. W. 196; Cleek v. Commonwealth, 62 Va. 777.

While it is true that the principle announced in People v. Bork, supra, was obiter dictum, nevertheless it is entitled to respect as a declaration of the law by our highest court, concurred in by all of the judges.   Chitty on Criminal Law (vol. 1, star page 697) points out that it was "doubted whether justices of assize or nisi prius had any power, at common law, to pass sentence upon a prisoner convicted before them," and says that it is certain that they could not do so upon an indictment sent down from the King's Bench to be tried by writ of nisi prius, for the reason that the transcript only was sent, and their commission ceased with the verdict, and their only remaining duty was to return, on the postea, the result of the proceedings.   He further points out that by statute they were enabled to do so in all cases of felony and treason, although they were still left at liberty to return the postea, and he writes:

"Justices of oyer and terminer, gaol delivery, and of the peace, have power to give judgment by virtue of their respective commissions.   But, at common law, by granting a new commission, all the proceedings taken before the former commissioners expired."

And therefore no judgment could be given or execution ordered by the successors, and that the rule was abolished by 11 Hen. VI, c.

6, as to justices of the peace, and by 1 Edw. VI, 7, as far as re-
spected the judges of gaol delivery and oyer and terminer. This
principle of the limitation of the commission and the expiry of the
court is the reason for some judgments which have been rendered
relating to Courts of Special Sessions. See Lattimore v. People,
10 How. Prac. 336; People v. Quimby, 72 Misc. Rep. 421, 131 N.
Y. Supp. 349; People v. Batten, 1 N. Y. Supp. 721,[1] and like cases.

But this principle does not apply with respect to the Court of
Special Sessions of the City of New York, which is in its nature a
continuous court, with a practice and procedure analogous to those
of the higher court of criminal jurisdiction. Greater New York
Charter, §§ 1409, 1410. See, too, sections 11 and 50, Code Criminal
Procedure. And it must be regarded as a continuous court, ir-
respective of the fact that its membership from time to time may
be made up of different justices. There was a continuation of this
case for the reason that the determination of conviction was not final
but in its nature interlocutory. See Cleek v. Commonwealth, supra.

There is much to be said in favor of the general principle that the
justices who composed the court of trial should be the same justices
who compose the court of judgment, or at least some of them should
sit in each court. If the wisdom of the principle could determine
the rule itself in this particular case, it might be pointed out that
two of the three trial justices sat in the court that imposed the judg-
ment, and that this case was continued for the purpose of investiga-
tion. This was eminently proper in a great city, where the court is
not presumed to know anything of the defendant, and should avail
itself of what means it has at hand in order to ascertain his char-
acter and reputation, with view to the degree of judgment to be
pronounced.

I am not convinced that this power did not exist on account of the
expression of section 2188 of the Penal Law, which provides as
to the composition of a court which should impose the sentence upon
a rearrest of a defendant. In People ex rel. Dunnigan v. Webster,
14 Misc. Rep. 617, 36 N. Y. Supp. 745, affirmed 1 App. Div. 631,
37 N. Y. Supp. 1148, it was held that Courts of Special Sessions
had the inherent power to suspend sentence, so that this expression
of the penal law was superfluous, and at most but declaratory.

[2] I think the judgment should not be reversed upon the facts,
or upon any of the other questions of law. It is quite true that,
so far as the direct evidence is concerned, it is a question of the
oath of the young lad, Scherg, against that of the defendant. Scherg
testifies that certain pictures were exhibited to him by the defend-
ant. The defendant admits that he had the pictures in his posses-
sion. But at the time of the arrest the policeman who made the
arrest testifies that he went to the place of the defendant with Scherg,
who pointed out the defendant, and said that the pictures were in
a coat of the defendant, which hung near the defendant at the time.
The officer went forthwith to the coat, and found the pictures, which

---

[1] Reported in full in the New York Supplement; reported as a memoran-
dum decision without opinion in 49 Hun, 606.

were identified by Scherg. The defendant does not contradict this testimony in any respect, except to testify that he never exhibited the pictures to Scherg. The case did not present the question of the oath of Scherg against that of the defendant, but of Scherg's testimony coupled with that of the police officer against the defendant.

It may be entirely true that the defendant bore a good character, but that is not conclusive; for the rule is that if, after considering the evidence of good character with all of the other evidence in the case, the jury conclude that the defendant is guilty, they must so find, notwithstanding his good character. People v. Conrow, 200 N. Y. 356, 361, 93 N. E. 943.

[3] The evidence submitted upon the motion for the new trial is based upon the affidavit of Butcher to the effect that he did not see any struggle between the lad and the defendant, that the lad was not at the office of the defendant for so long a time as the lad testifies, but only for a short moment, and that Butcher was ill on the day of the trial. But the defendant knew of the existence of this witness at the time of the trial, for he had called him to testify before the magistrate. At the trial the court was informed that this witness was absent on account of rheumatism, that defendant had asked him to come, that he had said that he would not come, but no application was made for an adjournment, or for a continuance of the trial, upon this ground. However that may be, the testimony of the witness was simply as to collateral facts.

I think the judgment of conviction of the Court of Special Sessions must be affirmed. All concur.