THE PEOPLE OF THE STATE OF NEW YORK ex rel. GLENN W. WOODIN, as District Attorney of Chautauqua County, Appellant, *v.* LEE L. OTTAWAY, Individually and as County Judge of Chautauqua County, et al., Respondents, Impleaded with Others.

Crimes — courts — jurisdiction — criminal court may impose sentence and suspend execution thereof — mandate suspending sentence upon condition of payment of fine not a revocation of sentence and imposition of new one — jurisdiction to stay execution of judgment did not expire with trial term — may be exercised until imprisonment has been commenced — jurisdiction not lost through appeal to Appellate Division and affirmance of judgment of conviction — application for order of mandamus commanding county judge to vacate order suspending sentence on condition of payment of fine properly denied.

1. Section 2188 of the Penal Law gives authority to a court, not merely to suspend sentence, but to impose sentence and suspend the execution of the judgment.

2. A mandate of a County Court suspending sentences previously imposed " upon condition that each of these defendants pay a fine " was not a revocation of the sentence previously imposed and the

imposition of a new one. It was a suspension of the execution of the judgment upon compliance by the defendants with a condition which they might accept or reject.

3. Jurisdiction to stay the execution did not expire with the term at which the prisoners were tried. The only limitation upon the time of its exercise is the statutory provision that " imprisonment shall not be suspended or interrupted after such imprisonment shall have commenced." (Penal Law, § 2188.)

4. Nor was jurisdiction lost through an appeal to the Appellate Division and an affirmance by that court before the order of suspension was made. Section 546 of the Code of Criminal Procedure, authorizing appellate courts to make such directions as may be necessary in view of changed conditions to carry a judgment into effect, does not touch the situation. The judgment of affirmance was not an expression of opinion as to the propriety of staying or suspending the execution of the sentence. That power was vested in the court of original jurisdiction.

5. An application, therefore, for a peremptory order of mandamus commanding a county judge to vacate an order made by him, after affirmance by the Appellate Division of a judgment convicting defendants of the crime of assault in the second degree, but before imprisonment had commenced, suspending the sentences of imprisonment on condition they pay a fine, was properly denied.

*People ex rel. Woodin* v. *Ottaway*, 222 App. Div. 711, affirmed.

(Argued February 14, 1928; decided March 27, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 2, 1927, which affirmed an order of Special Term denying a motion for a peremptory order of mandamus to compel the Chautauqua county judge to vacate an order resentencing certain defendants.

*Glenn W. Woodin, District Attorney,* for appellant. The order of the county judge reopening and modifying the judgment of conviction by substituting for State's prison sentence of one year a fine of $300, at a subsequent term of the County Court and after affirmance of the judgment of conviction by the Appellate Division, was clearly without jurisdiction and null and void. (*People* v. *Boehm,* 176 App. Div. 401; 226 N. Y. 705; *People ex rel.*

*Paris* v. *Warden,* 118 Misc. Rep. 44; *People ex rel. Harris* v. *Warden,* 201 App. Div. 573; *Ex parte U. S.,* 242 U. S. 27; *People ex rel. Forsyth* v. *Court of Sessions,* 141 N. Y. 288; *People ex rel. Hirschberg* v. *Seeger,* 179 App. Div. 792; 223 N. Y. 659; *People ex rel Turtona* v. *Prison Board,* 35 State Dept. Rep. 381; *People* v. *Canepi,* 181 N. Y. 398; *People* v. *Bradner,* 107 N. Y. 1.)

*Frank H. Mott* for respondent. The power to suspend sentence was inherent in trial courts at common law. (*People ex rel. Forsyth* v. *Court of Sessions,* 141 N. Y. 288; *People* v. *Goodrich,* 149 N. Y. Supp. 406; *People ex rel. Schindler* v. *Kaiser,* 95 Misc. Rep. 681; *People ex rel. Pasco* v. *Trombly,* 173 App. Div. 497.) The trial court has power to suspend sentence before imprisonment is commenced. (*People ex rel. Forsyth* v. *Court of Sessions,* 141 N. Y. 288; *Schieffelin* v. *Hylan,* 236 N. Y. 254; *Manning, Bowman & Co.* v. *Keenan,* 73 N. Y. 45; *People ex rel. Holton* v. *Hunt,* 217 App. Div. 428; *People ex rel. Paris* v. *Hunt,* 201 App. Div. 573; 234 N. Y. 558.)

*Per Curiam.* Penal Law, section 2188, gives authority to a court, not merely to suspend sentence, but to impose sentence and suspend the execution of the judgment.

In the view of a majority of this court, the mandate of the County Court was not a revocation of the sentence previously imposed and the imposition of a new one. It was a suspension of the execution of the judgment upon compliance by the defendants with a condition which they might accept or reject (*Comm.* v. *Dowdecain's Bail,* 115 Mass. 133, 136; cf. Code Crim. Pro. § 483, subd. 2; § 11-a, subd. 4).

Jurisdiction to stay the execution did not expire with the term at which the prisoners were tried. Like the power to revoke the suspension, it was not confined to one term nor even to one judge, but was vested in the court (*People* v. *Bork,* 96 N. Y. 188, 198; *Moett* v. *People,* 85 N. Y. 373, 383; *People* v. *Everhardt,* 104 N. Y. 591;

*People* v. *Nesce*, 201 N. Y. 111; *People* v. *Brown*, 153 App. Div. 234; *People* v. *Graves*, 31 Hun, 382; *People ex rel. Gerhrmann* v. *Osborne*, 79 N. J. Eq. 430, 439). The one limitation upon the time of its exercise is stated in the statute (Penal Law, § 2188): " The imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced " (cf. *U. S.* v. *Murray*, 275 U. S. 347, and *Cook* v. *U. S.*, 275 U. S. 347).

The order suspending the execution of this judgment was made by the County Court before imprisonment had commenced. It was made by the same judge who had presided at the trial, so that there is no occasion to consider the questions of judicial comity or propriety that might conceivably arise if it had been made by another judge while the trial judge was present or competent to act. If the stay was indiscreet, the indiscretion may not be remedied by resort to a mandamus.

Jurisdiction was not lost though the appeal to the Appellate Division and the affirmance by that court before the order for a stay was made. Section 546 of the Criminal Code does not touch the situation. All that it does is to confer power on appellate courts to make such directions as may be necessary in view of changed conditions to carry a judgment into effect, as, *e. g.*, where the date fixed for the execution of a death sentence has expired pending an appeal. There was no thought to invest them with jurisdiction to determine whether sentence should be suspended or a defendant placed upon probation. This conclusion becomes the more obvious when we consider a few dates. Section 546 goes back in its present form to 1882. The power to suspend sentence did not have recognition in any statute till 1893 (L. 1893, ch. 279, amending Penal Code, § 12; *People ex rel. Forsyth* v. *Court of Sessions*, 141 N. Y. 288, 294). Not till 1918 was there a statute giving power to impose a sentence in the first instance, and

thereafter stay the judgment (L. 1918, ch. 457; cf. L. 1913, ch. 125, amending Code Crim. Pro. § 517, and superseding *People* v. *Flaherty,* 126 App. Div. 65). Obviously section 546 was framed *alio intuitu.* The problem might wear another aspect if the discretion to suspend or stay were subject to review upon appeal. There is no contention that it is. A judgment of affirmance either by this court or by the Appellate Division is not an expression of opinion as to the propriety of staying or suspending the execution of the sentence. There is no jurisdiction in either court to express such an opinion with any authoritative force. The Appellate Division can indeed reduce the sentence, but never below the minimum penalty provided by law (Code Crim. Pro. § 543). The power to stay execution, like the power to revoke the stay, or to place a defendant on probation, is confided to the court of original jurisdiction, which may be controlled in the exercise of its discretion by information *dehors* the record. It is not shorn of the power by an intermediate appeal.

The order should be affirmed without costs.

CRANE, J. (dissenting). I am for reversal on two grounds. In the first place the county judge had no power to change his sentence after it once had been imposed. Having sentenced the defendants to State prison, he subsequently and after affirmance of the judgments of conviction by the Appellate Division sent for the defendants and changed his sentence from imprisonment to one of a fine of $300. He repeatedly stated that he would change or modify his sentence. This he attempted to do by suspending the execution of the judgment on condition that the defendants pay a fine of $300. The defendants paid the fines and were released. This action of the county judge was illegal and unauthorized.

Some of my associates say that the imposition of the fine, although illegal, may be ignored; that the judge

32

merely suspended the execution of the judgment; that
even if he had no power to impose the fine, the matter
may be overlooked or disregarded.   Can it be so far
disregarded that the defendants can sue and get back
the money illegally paid?   Or again, can the payment
of the fine be so far disregarded that the judge under
section 2188 of the Penal Law may revoke the suspension
and execute the original judgment of imprisonment?
These questions to my mind show that we cannot dis-
regard the imposition of the fine as a wholly unjustified
and illegal act.   The judge in reality as well as in form
changed the sentence from one of imprisonment to one
of fine, and released the defendants.   He had no power
to impose such a condition, and he had no power to
change his sentence from imprisonment to fine.   His act
must be considered as a whole.   I have never heard of
a court bargaining with the defendants regarding the
sentence or judgment to be entered.   The law does not
recognize such methods.   Restitution for wrong done
often is taken into consideration by the courts in imposing
sentence, but here there was no restitution for any wrong
done.   The court was simply executing the law in imposing
a sentence provided by law, and there is no law for the
suspension of sentence upon condition that a defendant
pay money to the county.

I also agree with Judge KELLOGG that section 2188
gives no power to the county judge to suspend sentence
after affirmance by the Appellate Division.   The last
words of the section, reading: " Provided, however, that
the imprisonment directed by the judgment, shall not be
suspended or interrupted after such imprisonment shall
have commenced," must be read in connection with other
provisions of the Code of Criminal Procedure and the
Penal Law.   After a sentence of imprisonment, it is the
duty of the sheriff forthwith to deliver the defendant to
the proper prison authorities for incarceration.   Before
he does this, the judge may suspend the judgment.   But

if the sheriff in executing the judgment is stayed by a certificate of reasonable doubt, the stay or the certificate operating as a stay takes the place of the imprisonment. In other words, this proviso of section 2188 runs until the imprisonment in the ordinary course of procedure or until something else is substituted for the imprisonment. The certificate of reasonable doubt is such substitution. These defendants were out on a certificate of reasonable doubt pending the appeal to the Appellate Division. That court passed upon the judgment of conviction and affirmed it. I do not think it was the intention of the Legislature to give to the trial court thereafter the power to suspend the judgment which the Appellate Division affirmed. The fact that the Appellate Division has the power to modify the judgment imposed upon the defendants is a strong indication that the power of suspension given in section 2188 did not survive the action of the Appellate Division. In fact, the power ceased long before action by the Appellate Division. It ceased with the imprisonment of the defendants. If there had been no certificate of reasonable doubt they would have been imprisoned immediately. The certificate of reasonable doubt, while keeping them out of prison did not in my judgment keep alive the power to suspend the execution of the judgment.

This interpretation of section 2188 to my mind is quite reasonable. If the trial courts are to have the power of suspension after the appellate courts have passed upon the record, the matter should be called to the attention of the Legislature so that their intention in this matter may be more clearly expressed. I for one do not believe that the Legislature ever intended this power to exist beyond the day when imprisonment should have taken place in the ordinary course of procedure.

KELLOGG, J. (dissenting).    The trial of an indictment, charging Lyle Cook, Irwin Cook and Herbert Cook with

the crime of assault in the second degree, was conducted by the County Court of Chautauqua county at a term held, pursuant to appointment, in July, 1926. On July 23, 1926, a verdict, finding the three defendants guilty of the crime as charged, was returned. On the same day the County Court, declining to postpone the pronouncement of sentence, for the reason that the court was about to adjourn, sentenced the three defendants to imprisonment in State's prison for a term of not less than one year and not more than two years. The July term of the County Court was then adjourned without day. Thereafter a certificate of reasonable doubt was granted by the county judge, and an appeal was taken to the Appellate Division. On November 2, 1926, the Appellate Division handed down a decision unanimously affirming the judgment of conviction. Meanwhile, the County Court had adjourned its October term, appointed to be held on October 4, 1926, to November 29, 1926. The County Court, sitting at the time and place fixed by the order of adjournment, upon motion of the counsel for the defendants, made the following disposition of the case: " Very well, then, the sentence of this court as reframed at this time is that the sentence previously imposed of not less than one year and not more than two years is suspended upon condition that each of these defendants pays a fine which the court fixes at $300. That is the sentence as reframed." An application was subsequently made to the Supreme Court by the district attorney of the county for a writ of mandamus directed to the county judge of Chautauqua county, commanding him to vacate the order thus made. The application was denied, and the order denying it was affirmed by the Appellate Division " as a matter of law and not in the exercise of any discretion." Thereafter the Appellate Division granted leave to appeal to this court.

It is provided in section 546 of the Code of Criminal Procedure as follows: " On a judgment of affirmance

against the defendant, the original judgment must be carried into execution as the appellate court may direct, and if the defendant be at large, a bench warrant may be issued for his arrest. If a judgment be corrected, the corrected judgment must be carried into execution as the appellate court may direct." The power of an appellate court upon the hearing of an appeal is defined in section 543 of the Code of Criminal Procedure. 1. It may reverse the judgment. 2. On reversal, it may order a new trial. 3. It may correct the judgment, when erroneous, to conform to the judgment of finding. 4. It may reduce the sentence imposed. 5. It may affirm. 6. If the affirmance is of a judgment of death, it must fix the week during which " the original sentence * * * shall be executed." We are concerned here only with that part of section 546 which provides that " on a judgment of affirmance against the defendant, the original judgment must be carried into execution as the appellate court may direct." In the interpretation of that clause the powers of an appellate court to reverse, to grant a new trial, to correct or modify a judgment, are without interest, since the clause deals only with a simple *affirmance* of *the original judgment.* What is the significance of the provision that the execution of an original judgment shall be " as the appellate court may direct "? When will an appellate court in affirming an original judgment find need to give directions as to its execution? Section 546, in prescribing the duties and powers of an appellate court, provides for directions to be given by it, upon affirmance, in one instance only, viz., the instance of an affirmance of a judgment of death. In that event, it must give directions as to the date of execution of the original sentence. No other instance where directions are required now occurs to us. Is it to be understood, then, that section 546 has application only in a case of an affirmance of a death sentence? If so, why did not the Legislature provide in simple language merely this,

[247 N. Y. 493]   Dissenting opinion, per Kellogg, J.          [Mar.,

*i. e.*, that when a death sentence is affirmed it *must* be executed as directed by the order of affirmance? It did not do so. It provided generally that " on a judgment of affirmance " (in any case whatsoever) the original judgment " must " be carried into execution " as the appellate court may direct." Clearly, it is the meaning of the clause that the judgment " must " be executed, as originally pronounced, unless in a proper case, a death case, the appellate court gives necessary directions, in which case execution " must " be had as directed. If that be the meaning of the clause, its enactment might well have been omitted, unless the effect intended was that an original judgment, after affirmance, should no longer be subject to the exercise of a power of suspension, and that its execution must absolutely follow. For, without the enactment, the original judgment, except for a suspension, authorized or unauthorized, would after affirmance in any event be executed. We think that the clause applies in this instance, and that, even though the power of suspension was retained by the County Court up to the moment of the affirmance of the judgment, it then ceased, and thereafter the original sentence was required to be executed. Any other conclusion would bring our criminal procedure into disrepute. There might otherwise be presented to view the spectacle of a convict escaping imprisonment through the order of a trial judge, granted after a determination by the highest court in the State that he had justly been sentenced, and deserved the sentence of imprisonment which had been inflicted. That result would be intolerable and should not now be sanctioned by our decision.

For all these reasons the order should be reversed and a peremptory order of mandamus should be granted.

Cardozo, Ch. J., Pound, Lehman and O'Brien, JJ., concur in *per curiam* opinion for affirmance; Crane and Kellogg, JJ., dissent in opinions; Andrews, J., dissents.

Order affirmed.