THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH DE SANTIS, Relator, v. WARDEN OF THE NEW YORK CITY PENITENTIARY, RIKER'S ISLAND, Respondent.*

Supreme Court, Special Term, Bronx County, July 31, 1941.

*George Maislen*, for the relator.

*Thomas E. Dewey, District Attorney* [*Thomas P. Cook* of counsel], for the respondent.

EDER, J. On May 17, 1938, relator was indicted by the grand jury of Queens county for the crime of burglary in the third degree and grand larceny in the first degree, and was thereafter given his liberty on bail, pending trial. While the relator was out on bail

---

* Affd., 262 App. Div. 1003.

he was arrested in the county of New York, charged with the crime of burglary, and indicted and immediately incarcerated in the county jail, New York county. On this second arrest he was arraigned and pleaded guilty to unlawful entry and was sentenced on October 4, 1938, by the Court of General Sessions, New York County, to the New York City Penitentiary. After being thus sentenced on October fourth, the relator was then taken to the County Court of Queens County, in order to be tried for the crime of burglary and grand larceny for which he had previously been indicted as hereinbefore stated. On October 20, 1938, the relator pleaded guilty to attempted burglarly in the third degree and on October 28, 1938, he was sentenced by the County Court to Sing Sing State Prison for the term of two to four years.

Immediately after the passing of sentence by the County Court the relator was taken to Sing Sing State Prison to serve this sentence. At the time of the imposition of this sentence the County Court judge was informed and was aware that the relator had already been sentenced by the Court of General Sessions to imprisonment in the New York City Penitentiary. The county judge made the following pronouncement: " I am not stating that my sentence will run consecutively or concurrently."

After the relator served the sentence imposed by the county judge he was then returned to Tombs Prison, New York county, and from there delivered to the New York City Penitentiary to carry out the sentence imposed by the Court of General Sessions, and he is now imprisoned under that sentence.

It is the claim and contention of the relator that his present imprisonment is illegal as the two sentences referred to should run concurrently rather than successively for the reasons that relator served the second sentence of the two sentences first, and, further, that by the failure of the County Court to state at the time it imposed sentence that that sentence should follow and commence after the sentence imposed by the Court of General Sessions it made these sentences concurrent rather than successive In support of this contention relator relies on *People* v. *Ingber* (248 N. Y. 302). The respondent relies on the same case as holding to the contrary. I am of the opinion that that case is inapplicable here, as to either contention, because of the dissimilarity of the factual situation. Moreover, the precise question involved here was not before the court or determined in the *Ingber* case.

Ordinarily, two or more sentences run concurrently, in the absence of specific provisions in the judgment to the contrary, and this rule seems to apply where the conviction is had in different courts. (*Dickerson* v. *Perkins*, 182 Iowa, 871; 166 N. W. 293; *Zerbst* v.

*Lyman,* 255 Fed. 609; *Kirkman* v. *McClaughry,* 152 id. 255.) In the *Kirkman* case the court said that it is " the settled rule in most, if not all, of the States of this Union, by virtue of common-law principles, or in the exercise of express legislative authority, when imposing sentence upon an offender convicted on two or more counts in a criminal pleading charging separate and distinct offenses, or in imposing sentence after conviction against an offender in two or more cases in which distinct crimes are charged, that the terms of imprisonment imposed may run consecutively or cumulatively, instead of concurrently; that is, the second term to begin at the expiration of the first, etc. * * * However, conceding the power of the court in such case to impose sentence against an offender prescribing different terms of imprisonment to run consecutively, as a settled rule the sentence pronounced must clearly and definitely express the purpose and intent that the terms are to be served consecutively, or it will be held the terms run concurrently, and not cumulatively."

In the instant case no sort of effort was made by the County Court to render its sentence cumulative; and since that court did not attempt to exercise the power to make the sentence cumulative, under the well-established rule — in the absence of a statute to the contrary — the sentence ran concurrently with the sentence of the Court of General Sessions, previously imposed. (*State ex rel. Meininger* v. *Breuer,* 304 Mo. 381; 264 S. W. 1, 2.)

In the situation here presented I think that the sentence imposed upon the relator by the County Court ran concurrently with the sentence imposed upon him by the Court of General Sessions, and that if the relator had been imprisoned under the sentence of the Court of General Sessions and upon its expiration he was taken into custody to thereupon serve the sentence of the County Court, his contention would be tenable and he could seek release from the County Court sentence. But that is not the situation here; it is the reverse. It by no means follows, because relator served the County Court sentence first, that its legal effect was to make the sentence of the Court of General Sessions, previously imposed, run concurrently with the later one imposed by the County Court. The sentence of the Court of General Sessions did not run concurrently with the sentence of the County Court; on the contrary, the sentence of the County Court ran, rather, concurrently with that of the Court of General Sessions.

Relator's contention loses sight of the important element that when the sentence is imposed the court has knowledge that there is a prior sentence already in existence. Obviously, if there is no prior sentence already in existence there is no sentence with

which it can run either consecutively or concurrently. In such a case " It could well be assumed that the court intended, if it can be assumed that it had knowledge of the pendency of another sentence, that the ordinary effect should follow." (*Zerbst* v. *Lyman, supra.*) As further said in the *Zerbst* case: " The California court either knew that Lyman was in the custody of the warden of the Atlanta penitentiary, or did not know of that fact. If it had knowledge of the fact, the commitment which it caused to be issued would evidence an intention that the sentences should run concurrently. If it had no knowledge of that fact, there could have been no intention other than that its sentence should begin forthwith, as directed by the commitment."

In the *Dickerson* case (*supra*) the court also referred to the fact that in order for sentences to run concurrently it must appear that the sentencing judge has knowledge that the defendant is under an existing sentence.

In the case at bar there was no prior sentence existing at the time the Court of General Sessions imposed sentence upon the relator, and hence its sentence was an original one, running alone and is wholly unaffected by the sentence subsequently imposed by the County Court. The fact that the sentence of the County Court was executed first cannot transform the original sentence of the Court of General Sessions into a concurrent one. In other words, with respect to serving the second sentence first, this procedure, irregular though it may be, cannot in any way affect the relator's obligation to serve the original sentence previously imposed upon him by the Court of General Sessions. The sentence that runs concurrently is not the original sentence, but is the one which accompanies it. " No question whether sentences are cumulative or concurrent can arise when only one sentence of a court with jurisdiction has been rendered." (*State ex rel. Meininger* v. *Breuer, supra.*)

So far as I am able to discover the contention of the relator that the effect of the situation herein revealed made the original sentence of the Court of General Sessions run concurrently with that of the County Court has neither statute, logic nor any precedent to support it.

The writ must be dismissed. So ordered.