THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MARCUS THUNA, Defendant.

In the Matter of the Application of MARCUS THUNA, Respondent. WARDEN OF AUBURN PRISON, Appellant.

Second Department, May 24, 1943.

*Nathaniel L. Goldstein*, Attorney-General (*Irving Galt* and *Orrin G. Judd* with him on the brief), for appellant.

*William P. Thomas* for respondent.

*Per Curiam.* In June, 1939, the respondent was convicted in the County Court of Kings County on an indictment charging grand larceny in the first degree and containing several counts. He was sentenced to a term of not less than five years and not more than ten years on the first count and a similar sentence on the fourth count, such sentences to run consecutively. Sentence on the remaining counts was suspended. After the defendant had served a portion of the first sentence imposed upon him, he cooperated with the prosecuting officers of Kings County and Richmond County in the prosecution of a considerable number of persons accused of crime and rendered valuable assistance. Thereafter he sought by order to show cause directed to the Attorney-General of the State of New York,

the District Attorney of Kings County, and the Warden of the District Prison in New York City where he was then incarcerated, to have the sentence on the fourth count, and which sentence he had not yet begun to serve, suspended. The motion was opposed by the Attorney-General. The court modified the sentence on the fourth count by omitting to provide that it was to run consecutively to the sentence on the first count and, as so modified, suspended the execution thereof. From such order the appeal is taken. The order is appealable. (*People* v. *Metropolitan Restaurant & Cafeteria Assn.*, 258 App. Div. 872.)

Each term imposed constituted a separate and distinct judgment of the court. (*Manke* v. *People,* 74 N. Y. 415.) The term of the second sentence had not yet begun to run. (*White* v. *Steigleder,* 37 F. 2d 858; *United States* v. *Murray,* 275 U. S. 347.) The court had the power to suspend the execution of the sentence though the term of the court at which its original judgment had been pronounced had adjourned *sine die.* (*People ex rel. Woodin* v. *Ottaway,* 247 N. Y. 493.) What the court did here amounts to more than a suspension of the term imposed. By failing to provide that the sentence on the fourth count was to run consecutively to the sentence on the first count, as the original judgment provided — the order appealed from being silent in that respect — the result is that the sentence on the fourth count was modified so that it runs concurrently with that on the first count. (*People ex rel. De Santis* v. *Warden City Penitentiary,* 176 Misc. 844, affd. 262 App. Div. 1003.) This the court was without power to do (*People ex rel. Woodin* v. *Ottaway, supra*) although, as pointed out, it possessed the power to suspend the execution of the sentence as originally pronounced.

The appeal from the order dated May 19, 1942, should be dismissed. The order dated May 21, 1942, should be reversed on the law and the matter should be remitted to the County Court for such further proceedings as may be advised.

CLOSE, P. J., CARSWELL, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Appeal from order of the County Court, Kings County, dated May 19, 1942, dismissed.

Order of the County Court, Kings County, dated May 21, 1942, reversed on the law and the matter remitted to the County Court for such further proceedings as may be advised.