Henry Clay Greenberg, J.
The respondents seek reargument of the decision of this court sustaining a writ of habeas corpus and discharging the relator. The latter had been sentenced for a misdemeanor committed while he was on parole for a prior felony sentence. The doctrine that a presumption of concurrence was applicable in the circumstance of these two unrelated crimes was rejected in a decision of the Court of Appeals on July 7, 1961, subsequent to our prior determination (see Matter of Browne v. New York State Bd. of Parole, 10 N Y 2d 116). Therein, the court stated (p. 120) “We do not agree with the courts below. Bather, as appellants correctly contend, the ‘ so-called presumption of concurrence ’ is not applicable to sentences imposed at different times, in different courts, for completely unrelated crimes.” Belator’s position in this regard is now untenable.
Belator’s further contention that the trial court failed to comply with section 480 of the Code of Criminal Procedure in connection with his 1954 sentencing is refuted by the record. The relator was represented by counsel and counsel addressed the court. These facts constitute compliance with this section (see People ex rel. Bester v. Johnston, 9 A D 2d 827).
Accordingly, reargument is granted, the order of May 25, 1961 is vacated. The amended petition is dismissed and the relator remanded.