Mitchell D. Schweitzer, J.
A letter received from the defendant (dated Jan. 2, 1966) will be treated as a motion for resentence.
A review of the record indicates that this defendant had been initially indicted for the crimes of feloniously possessing a narcotic drug with intent to sell and for feloniously possessing a narcotic drug, all arising out of his possession of 478 glassine envelopes Containing heroin. He was thereafter released on bail and, while out on bail, was arrested for a Federal narcotics violation on which charge he pleaded guilty and was sentenced to a definite term of five years on February 3, 1965.
*581 On January 8,1965, while in Federal custody, he was produced in court by a United States Marshal and on this day he pleaded guilty to the crime of attempted felonious possession of a narcotic drug. On February 2,1965, while still in Federal custody, he was produced by a United States Marshal for sentencing and received a State prison sentence of two to three years.
The defendant is still in Federal custody, serving his term of five years in a Federal penitentiary, and requests that this court direct that the State prison sentence be made to run concurrently with the sentence he is presently serving.
As hereinabove noted, the State prison sentence was imposed upon the defendant prior to the imposition of the United States District Court sentence. Even if this court had been so minded, it was not empowered to direct its sentence to run concurrently with another sentence to be imposed in the future. (People ex rel. De Santis v. Warden of New York City Penitentiary, 176 Misc. 844, affd. 262 App. Div. 1003; People ex rel. Bove v. McDonnell, 128 N. Y. S. 2d 643, app. dsmd. 284 App. Div. 937.) Unlike the circumstances in People ex rel. Winelander v. Ruthazer (17 Misc 2d 720), defendant was not under a prior sentence with which the judgment of this court could have been made to run concurrently. It is not without significance that the United States District Court Judge who imposed sentence oh. this defendant on February 3 must be deemed to have known of the State prison sentence which had been meted out to the defendant the day before by this court, yet made no direction that any part of the Federal sentence be served in State prison.
The court is not unmindful of the fact that were sufficient mitigating factors shown by the defendant, the sentence might still be suspended since the prison term imposed by this court has not yet commenced (Penal Law, § 2188). However, upon a review of the entire record and the presentence report, I find that no reason has been shown why the court should exercise any discretion and amend this sentence to suspend judgment.
Accordingly, the motion is denied.