■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHILIP CHAPMAN, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent. — In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, entered November 24, 1964, which dismissed the writ and remanded him to the custody of respondent. Relator contends that his conviction as a prior felony offender in 1963 was illegal because section 480 of the Code of Criminal Procedure was not complied with when he was sentenced on a 1953 felony conviction. Judgment affirmed, without costs. The record establishes that section 480 was duly complied with at the sentencing in 1953 when the statutory inquiry was addressed to the relator and his attorney responded on his behalf in his presence (*People ex rel. Kaminsky* v. *Silberglitt*, 30 Misc 2d 813, affd. 15 A D 2d 751, stay denied 11 N Y 2d 798; *People* v. *Kadin*, 23 A D 2d 699). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ RACE COMPANY, INCORPORATED, Respondent, v. OXFORD HALL CON-TRACTING CORP. et al., Appellants.— In an action to recover a certain amount of money as the balance due upon a contract and for work labor and services and for an additional amount of money for work labor and services, defendants appeal from (1) an order of the Supreme Court, Queens County, entered August 30, 1965, which granted plaintiff's motion to confirm the report of a Special Referee and denied defendants' motion to compel arbitration and to stay the action; and (2) an order of said court, entered January 27, 1965, which had directed the reference to the Special Referee (to hear and report). Order entered August 30, 1965 modified by providing therein that defendants' motion to compel arbitration and to stay the action is granted and by striking out the third and fourth ordering paragraphs thereof, which are to the contrary. As so modified, said order is affirmed, with $10 costs and disbursements to appellants jointly. Appeal from order, dated January 27, 1965, dismissed, without costs. An order directing a reference to hear and report is not appealable (*Ayers* v. *Ayers,* 16 A D 2d 926). On November 14, 1962 plaintiff and the corporate defendant Oxford signed a contract for the installation of the central cooling and heating plant in said defendant's building, in accordance with certain plans and specifications, all work to be done in accordance with plaintiff's letter of October 26, 1961. The contract contained an arbitration clause. It also provided that the contract was not to become effective until the plans and specifications were signed by the contracting parties. Thereafter plaintiff completed the job, except for certain work which was not completed at defendants' request. When plaintiff commenced this action, defendants moved to compel arbitration, which plaintiff opposed on the ground that the plans and specifications had never been signed. It is conceded that plaintiff completed the work in accordance with the plans and specifications. Under these circumstances, both contracting parties have by their conduct adopted the plans and specifications; the failure to sign them is inconsequential; there was compliance with a valid agreement (CPLR 7503); and plaintiff should be compelled to arbitrate (cf. *Matter of Uraga Dock Co.* [*Mediterranean & Oriental S. S. Corp.*], 6 N Y 2d 773). Beldock, P. J., Brennan and Benjamin, JJ., concur; Hill and Hopkins, JJ., concur in the dismissal of the appeal from the order entered January 27, 1965, but dissent and vote to affirm the order entered August 30, 1965 with the following memorandum: An issue as to the making of a valid contract or as to the fulfillment of conditions precedent to arbitration is for the