Thomas Dickens, J.
In view of a sentence for an unrelated crime given defendant in 1959 by a Judge of another county, *151 the sole point to be resolved on this motion, as raised by him in propria persona, is that in the circumstances of this case, the unqualified, or so to speak, bare sentence that I had, in 1961, given him pursuant to the habitual criminal statute, as the offspring of his attainder by confession to the crime before me in this county, was in error for failing to specify the actual term, that is, one that was consecutive, so that upon failure of such form of sentence, the term of the sentence that I had given him, must, in consequence, be held as running concurrently with the prior one; therefore, by means of this application, he now moves for a clarification.
In support of his contention defendant cites the holding of People ex rel. De Santis v. Warden of N. Y. City Penitentiary (176 Misc. 844, affd. 262 App. Div. 1003) to the effect that distinct and separate crimes require consecutive or concurrent terms of imprisonment, but in the case of a consecutive term intended, however, the sentence must express it clearly and definitely; otherwise, the term will be held to run concurrently.
This principle of law, although true in its proper place, does not in the least hold true for application to the situation here, because sentences imposed at different times in different courts for completely unrelated crimes are not presumed to be concurrent. The rule in the De Santis case (supra) is applicable to cases in which a defendant is “ ‘ sentenced at the same time for two or more offenses [tried] at the same term of court and before the same judge ’ ” (Matter of Browne v. New York State Bd. of Parole, 10 N Y 2d 116, 120-121).
The Browne case (supra), in expressing its view on a situation resembling in kind the case under review before me, used the following language (p. 120): “ {the so-called presumption of concurrence ’ is not applicable to sentences imposed at different times, in different courts, for completely unrelated crimes.”
The theory underlying the theme in the Browne case (supra) was eventually adopted, stare decisis, in People ex rel. Kaminsky v. Silberglitt (30 Misc 2d 813) and in People v. Baum (16 A D 2d 716).
It is particularly noted at this stage that, as mandated by subdivision 3 of section 5.05 of the revised Penal Law, the subject matter at bar must be governed both by the statutory law and by the decisions in vogue before September 1, 1967, the effective date of the revised Penal Law.
The motion is, therefore, denied.