Abraham I. Kalina, J.
This is an application for resentence in which the defendant prays that this court resentence the defendant so that ithe sentence imposed shall run concurrently with a sentence subsequently imposed by the Criminal Court of the City of New York.
The record discloses that upon his plea of guilty to the crime of attempted criminal possession of a dangerous drug in the fourth degree (Penal Law, § 220.15) the defendant was sentenced by this court on March 18, 1971 to a term of imprisonment of one year in the New York City Penitentiary, which term the defendant is presently serving.
In his petition for resentence the defendant alleges that subsequent to the sentence imposed by this court and on March 29, 1971 he was sentenced in the Criminal Court of the City of New York, Kings County, to a definite term of six months upon his plea of guilty to the crime of assault in the third degree upon an information charging him with the crime of reckless endangerment in the first degree.
This court is without authority to direct and order that its sentence run concurrently with the sentence imposed at a .subsequent time in the Criminal Court or any other court. Nor has this court the authority to direct and order that the sentence imposed in ithe Criminal Court run concurrently with the sentence imposed by this court (People v. Russ, 49 Misc 2d 580).
Prior to the enactment of the revised Penal Law in effect September 1, 1967 (L. 1965, ch. 1030) the law was that ordinarily, absent a controlling statute, two or more sentences run concurrently, in the absence of specific provisions in the judgment to the contrary and this rule also applied in a situation such as in the instant case where the convictions were in different courts (People ex rel. De Santis v. Warden of New York City Penitentiary, 176 Misc. 844, affd. 262 App. Div. 1003).
The matter of concurrent and consecutive terms of imprisonment is now governed by section 70.25 of the Penal Law which provides in an applicable situation that1‘ when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence. If the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run as follows:
“ (a) An indeterminate sentence shall run concurrently with all other terms; and
*789 “ (b) A definite sentence shall run concurrently with any sentence imposed at the same time and shall be consecutive to any other term.”
Thus, if the Judge in the Criminal Court in exercising his discretion as to the term of imprisonment to be served by the defendant did not specify the manner in which the sentence was to run, the sentence by operation of law would be deemed to run consecutively to the sentence imposed prior thereto by this court. There is no doubt that the Judge of the Criminal Court had the power and authority to specify that the sentence was to run concurrent with the sentence imposed by this court. This he did not do. It is reasonable to assume that when the Judge of the Criminal Court imposed a definite sentence of six months without specifying that it was to run concurrently with the prior sentence imposed by this court, that he had knowledge that there was a prior sentence in existence.
While this court, as hereinbefore stated, has no authority or power to change or modify the sentence imposed in the Criminal Court, nevertheless it should be stated that it is the opinion of this court based upon the records before it that the imposition of a consecutive sentence rather than a concurrent sentence was not excessive under the circumstances and that it did not constitute an improvident exercise of discretion. The guilty pleas entered in this court and in the Criminal Court were to a lesser degree of the crimes charged respectively in the indictment and the information. Had the defendant been convicted of the crimes charged he would have been subject to a far greater term of imprisonment than the respective terms imposed herein.
In the Practice Commentary in McKinney’s Consolidated Laws of New York, Book 39, Penal Law, page 134, it is stated as follows: “ The reason for distinguishing between indeterminate and definite sentences — when the sentences are imposed at separate times — is that a court imposing an indeterminate sentence will, .or should, be aware of the prior sentences due to the pre-sentence report. However, definite sentences are often imposed without any investigation and, in a busy jurisdiction, the judge might not be aware of prior sentences. This is especially true in the'City of New York, where a person who is under detention can appear in different parts of the Criminal Court, held in the same or different counties, and can be sentenced by more than one judge on the same or on consecutive days. The rule places a burden upon the defendant to draw the court’s attention to other sentences and request a specification with respect to the present sentence. ’ ’
*790 This court has not before it the record of the proceedings in the Criminal Court but it is logical to assume that either the defendant did not advise the court of the prior sentence in this court and request that the court impose a concurrent sentence or that such request was made and denied.
The application is therefore denied in all respects.